## GORMLEY *v.* BUNYAN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 574. Submitted January 9, 1891. — Decided March 2, 1891.

The granting or refusal of leave to file an additional plea, or to amend one already filed, is discretionary with the court below, and not reviewable by this court, except in a case of gross abuse of discretion.

C lent money to plaintiffs in error, taking their notes payable to their own order indorsed in blank. He held the notes at the time of his death, and they came into possession of his executors who filled in the blank indorsement with a direction to pay to the order of B and M, executors of C, and sued in assumpsit to recover on them. The declaration contained a special count on the notes describing them as having been indorsed and delivered to C, and the usual common counts in which the transactions were all alleged to have taken place with C. *Held*, that, as to the special count the variance could be cured by amendment, and as to

the general counts the notes offered conformed in legal effect to the allegations set forth in them

The heading of a notice to take a deposition in this cause read: "United States of America, State of Illinois, County of Cook, *ss:* In the Circuit Court of the United States;" and the notice was that the deposition would be taken "bef )re William G. Peckham, Esq., notary public, or some other officer authorized by law to take depositions." The deposition was in fact taken before another notary, so authorized. *Held,*

    (1) That the heading, though not technically correct, was substantially so;

    (2) That the taking of the deposition was perfectly regular.

In Illinois payments by the mortgagee for taxes and redemption of tax certificates made after the sale, may be taken out of the proceeds of the sale of the property.

The only way in which statutes of limitation are available as a defence is when they are, at the proper time, specially pleaded.

The courts of the United States take judicial notice of all the public statutes of the several States.

In an action brought by an executor to recover on a promissory note made by defendant to his testator, it is not error to exclude evidence offered by defendant to show that the notes were not inventoried by the executor as part of the testator's estate.

THIS was an action of assumpsit, brought on the 24th of December, 1886, by James Bunyan and James Meehan, executors of the last will and testament of Edward Clark, deceased, citizens of New York, against Michael Gormley and Morton Culver, citizens of Illinois, to recover a balance due on a certain promissory note dated at Chicago, May 15, 1877, and due in three years, with interest at 9 per cent per annum, payable semi-annually until due, and 10 per cent thereafter, at the Chemical Bank of New York, made and signed by the defendants, payable to their own order, and by them indorsed in blank, and also to recover the amount due on six coupon notes of the same date, of $450 each, representing the semi-annual interest on the principal note, all of which notes the plaintiffs claimed to own as such executors.

The declaration consisted of a special count on the notes, describing them as having been indorsed and delivered to Edward Clark by the defendants, alleging that the same were lost and could not, therefore, be produced in court, and stating that the coupon notes represented interest upon the

principal note; and also of the usual common counts in assumpsit of indebtedness for work and labor; materials; money lent and advanced; paid, laid out and expended; had and received; etc., to Edward Clark. Attached to the declaration were copies of the coupon notes, and what was intended to be a copy of the principal note, but which differed from it in some minor particulars hereafter referred to. The plaintiffs also made profert of the letters testamentary issued to them, as executors of the last will and testament of Edward Clark, deceased.

The defendants put in a plea of the general issue, and filed an affidavit of merits, March 10, 1887. On the 8th of December, 1887, the cause then being on the trial call of cases for that day, the defendants moved to be allowed to file *instanter* four additional pleas, viz.: (1) Plea of *non est factum ;* (2) plea of the statutes of limitation of New York; (3) plea of the statutes of limitation of Illinois; and (4) plea of satisfaction. This motion was denied by the court, and the defendants excepted. Afterwards, on the 10th day of December, 1887, the case being still on the trial call of cases for that day, the defendants moved the court to be allowed to file *instanter* additional pleas of set-off, claiming as due them from the plaintiffs the sum of $50,000, and also former recovery. The court overruled this motion also, and the defendants excepted.

The case went to trial before Judge Dyer and a jury, on the 15th of December, 1887. At the trial the plaintiffs offered in evidence the original principal note for $10,000 and the six coupon notes, (which it was shown had been found a few days prior thereto,) all indorsed payable to the plaintiffs, and offered evidence to prove the execution of the notes by the defendants. The $10,000 note had a credit of $8848.50, indorsed as of September 10, 1878, and the coupon notes were marked "paid."

The defendants objected to the introduction of these notes, claiming (1) that they differed from the notes set out in the special count of the declaration; (2) that they were not admissible under the common counts, which charged an indebtedness to Edward Clark and not to the plaintiffs; (3) that the coupon notes were not described in the special count of the declara-

tion, and were not admissible under the common counts, because the common counts all ran to Edward Clark, and not to plaintiffs; and (4) because the coupon notes were marked "paid." The objections were overruled, and the defendants excepted.

The indorsements upon the notes were explained as follows: All of the notes had been secured by a deed of trust to Adolph Loeb, upon certain described property. This trust deed was foreclosed by Loeb, and on the 10th of September, 1878, the property was sold, under the power of sale contained in the deed, for $8848.50. Loeb thereupon made the indorsement on the note to represent the amount of money received by him as trustee. Loeb also testified that the coupon notes had been marked "paid" by his clerk, without any authority, and that such marking was incorrect.

It was further shown in evidence that the amount due on the notes at the time the sale was made was $11,027.79; and that Loeb, as trustee, deducted from the proceeds of the sale the following items: $374.09, for redeeming the property from tax sales, for the taxes of 1876 and 1877; $16.00, costs of advertising the sale of the property; and $200.00, as his fees for the sale of the property — in all $590.09, leaving a balance of $8257.91 to be applied on the note September 10, 1878, which left $2769.88, due on the note on that day. Interest was then computed on that amount, at nine per cent to the maturity of the note, and ten per cent thereafter, according to the terms of the note, and the total amount due at the trial was thus ascertained to be $5290.

Objection was made at the trial by the defendants to the allowance of the above items deducted by Loeb from the proceeds of the sale of the property, on the grounds that the items for advertising and for trustee's fees were grossly excessive, and that after the trustee's sale of the property September 10, 1878, the trustee had no authority to redeem the property from the tax sales.

The plaintiffs also offered in evidence the deposition of James Meehan, one of the executors, taken in New York City, before a notary public, to prove, among other minor matters,

that the note sued on had been in the possession of Edward Clark, before his death, and had never been disposed of by him in any manner. Objection was made to the introduction of this evidence on several grounds, chiefly that the notice of taking it was defective in several particulars, and was not served on the defendants; that it was not taken by the commissioner named in the commission, and did not show when or for what reason it was taken; and that other informalities and irregularities existed on the face of it. The court overruled the objections and admitted the deposition, and the defendants excepted.

The plaintiffs also offered in evidence certified copies of the will of Edward Clark and the probate proceedings had thereon. The defendants objected to this evidence generally, "and on the specific ground that where the seal ought to be there is nothing but the letters 'L. S.'" But the court overruled this objection and the defendants excepted.

The defendants sought to obtain credit on the note for a number of small items of charges made by Loeb at the time the original note and deed of trust were made and executed, which were disallowed by the court. They will be understood best, perhaps, from a recital of the following undisputed facts: The defendants, being indebted to the Travelers' Insurance Company in the sum of $10,000, with certain accrued interest, applied to Loeb, who was a loan agent in Chicago, through John Culver, a brother of one of the defendants, to secure a loan of $10,000 to pay off their debt to the insurance company. That debt was evidenced by a bond, and was secured by a deed of trust on the lands afterwards included in the Loeb trust deed and certain other lands, to Lyman Baird. Loeb made arrangements to procure the loan from Edward Clark, through Clark's agent in Chicago, one Bolton. For procuring this loan and clearing up the title of the lands included in his trust deed, Loeb made the following charges: $40.40, to pay certain taxes due on the property; $32.50, to pay a judgment against the defendant Culver; $12.90, for a continuation of the abstract of title; $37.50, for attorney's fees; $2.25 for recording fees; and $350 for his own services

in securing the loan. Accordingly, it was found that a loan of $10,000 was insufficient to satisfy the indebtedness of the defendants, and another loan of $1300 was effected, through Bolton, from Edward Clark. The money in these transactions was paid over by Bolton in the form of checks — one for $10,000, and the other for $1300 — of the Singer Sewing Machine Company, of which Clark was president, and Bolton an agent in Chicago. The minutiæ of this transaction need not be stated. It is sufficient for our purpose to state that the court held all those matters to be purely personal between Loeb and the defendants, and, therefore, having no connection with the debt due to the plaintiffs.

The defendants also sought to have a credit of $142.60 allowed on the first coupon note as of date April 10, 1878, but the court held that the evidence showed that they ought to be allowed a credit of but $100, at that time, the other $42.60 having been paid to Loeb to induce him to stop proceedings which he had commenced looking to the foreclosure of the trust deed.

The defendants attempted to show by the evidence of one witness that the property sold at the foreclosure sale was worth at least $40,000, and that, therefore, they had been greatly wronged in the transaction; but the court refused to allow the evidence to be introduced, and the defendants excepted.

The defendants also attempted to show that the notes sued on were never scheduled as a part of the estate of Edward Clark, deceased, as, they claimed, was required to be done by the laws of New York; but the court refused to allow such evidence to be introduced, and the defendants excepted.

At the close of the trial the court charged the jury: (1) That there was no issue of fact under the evidence for them to consider; (2) That the items, heretofore mentioned as having been deducted by Loeb from the proceeds of the sale of the property, were properly charged against the defendants; (3) That the other items of account above mentioned as having arisen about the time the loan was negotiated were purely personal between Loeb and the defendants, and in nowise concerned

the plaintiffs; (4) That the defendants should be allowed credits on the note only as above stated; (5) That it was immaterial how much the land was worth which was sold at the foreclosure sale; and (6) That the jury were instructed to find and return a verdict for $5290 in favor of the plaintiffs and against the defendants. The defendants objected to this charge of the court, but their objections were overruled and they excepted. The jury returned a verdict, as instructed by the court, for $5290, to which the defendants excepted, and made a motion to set it aside and for a new trial. This motion was overruled, and judgment was entered on the verdict for $5290. To reverse that judgment a writ of error was then prosecuted.

*Mr. Morton Culver* for plaintiffs in error.

I. The court should have allowed the plaintiffs in error to plead the several pleas offered by them of *non est factum*, statutes of limitations, satisfaction and of set-off. This proposition needs no extended argument; they were offered in apt time, ten days before the trial was begun, and copies of them served on defendants in error. These pleas are all allowable under the "Practice" Act of Illinois; they are favored, too, to stay stale claims. *Hyman* v. *Bayne*, 83 Illinois, 256; *Emory* v. *Keighan*, 88 Illinois, 482; *Bemis* v. *Stanley*, 93 Illinois, 230; *Leffingwell* v. *Warren*, 2 Black, 599; *Amy* v. *Dubuque*, 98 U. S. 470.

II. The notes were improperly admitted. (*a*) The $10,000 note, because it varies from the special count. No copy of it is attached to the declaration, nor is it admissible under the common counts for the same reasons, and for the additional reasons that the note is indorsed to Bunyan and Meehan, and not to Clark; and the common counts all declare an indebtedness to Clark, and not to Bunyan and Meehan; and the common counts allege that Culver and Gormley became indebted to Edward Clark on the 10th day of October, 1885, three years after his death; and for the same reasons the $450 notes were improperly admitted, and in addition thereto, there is not a count in the declaration on a single one of the coupon notes.

The statutes of Illinois provide in the Practice Act, c. 110, sec. 18, that plaintiff shall file with his declaration a copy of the instrument of writing or account on which the action is brought, in case same be brought on a written instrument or account, and sect. 32 provides the same mode in case of set-off, and sec. 34 provides that a defendant shall not deny on trial the execution of any instrument in writing on which any action may have been brought or which shall be pleaded or set up by way of defence or set-off, or is admissible under the pleadings when a copy is filed, unless the person so denying the same shall, if defendant, verify his plea by affidavit. *Streeter* v. *Streeter*, 43 Illinois, 155; *Wilson* v. *King*, 83 Illinois, 232; *Nauvoo* v. *Ritter*, 97 U. S. 389. (*b*) Meehan's deposition was improperly admitted, because it did not comply with the provisions of Rev. Stat. § 863. (*c*) The record of the will and probate proceedings of Clark's estate were improperly admitted. They are not under the seal of the court. Rev. Stat. §§ 905, 906. (*d*) Bunyan and Meehan's charges for moneys paid out for taxes and for redemption from tax sales after the date of sale under the trust deed were improperly allowed. *Webster* v. *Nichols*, 104 Illinois, 160, 172.

III. The court erred in excluding the statutes of limitations of New York and Illinois.

*Mr. Charles E. Pope*, *Mr. Alexander McCoy* and *Mr. Charles B. McCoy* for defendants in error.

Mr. Justice LAMAR, after making the foregoing statement, delivered the opinion of the court.

The first three assignments of error cover the whole case, and are as follows:

The first is, that the court erred in refusing to allow the plaintiff in error to file the several pleas of *non est factum*, statutes of limitation, payment and set-off. The reply to this is, that as long ago as *Mandeville* v. *Wilson*, 5 Cranch, 15, 17, and as late as *Chapman* v. *Barney*, 129 U. S. 677, it has been held that the granting or refusal of leave to file an additional

plea, or to amend one already filed, is discretionary with the court below, and not reviewable by this court, except in a case of gross abuse of discretion.

The second assignment of error is, that the court erred in admitting incompetent and irrelevant evidence in behalf of the defendants in error. Under this assignment various objections are specified.

(1) The first is, that there was a fatal variance between the indorsement on the $10,000 note and that declared upon in the special count, and that for the same reason it and the coupon notes were inadmissible under the common counts.

The only variance between the declaration and the proof (and this manifestly arose from the fact that the notes were lost at the time of the filing of the declaration) was, that the indorsement on the note was, " Pay to the order of Bunyan and Meehan, executors of Edward Clark," instead of " Pay to the order of Edward Clark," as stated in the declaration; and in the common counts the *indebitatus* was laid to Edward Clark instead of to Bunyan and Meehan, his executors.

The proof was clear that Edward Clark lent the money to the plaintiffs in error; that they executed the notes, and made them payable to their own order, and put on them their blank indorsement; that Clark owned and had in his possession the note at the time of his death; and that Bunyan and Meehan were appointed as his executors, in which capacity they brought the suit.

Such a technical variance may be cured by amendment without introducing any other cause of action or affecting the merits of the case between the parties, and it was proper for the court to allow it. It appears that on the trial the indorsement on the note was amended by the counsel for the defendants in error to correspond with the declaration, with the court's acquiescence, and pursuant to what they considered its order. In the bill of exceptions is this statement of the judge:

" The minutes of the court made at the trial and the shorthand reporter's notes do not show that the court formally granted leave to the plaintiffs to change the indorsement on

the note in suit so that it should read, ' Pay to the order of Edward Clark; ' but, from what was said by the court in its opinion on the subject, I am satisfied that the attorneys for the plaintiffs in good faith supposed or understood that they had leave to make such change, and that, accordingly, they had in fact changed the form of the indorsement on the note independently of the minutes of the trial. The court cannot say that leave was expressly granted, or that it said anything further on the subject than is expressed in the opinion hereunto annexed."

We think that all the notes offered, either with or without amendment, conformed in legal effect to the allegation of the common counts. This objection cannot therefore prevail.

(2) A second objection relied on under this assignment is, that the deposition of James Meehan was improperly admitted because not complying with the United States Revised Statutes (sec. 863) in that respect. The heading of the notice was not technically correct, perhaps, but it was substantially so. It was as follows: "United States of America, State of Illinois, County of Cook, *ss.:* In the Circuit Court of the United States." Then follows the title of this case, and everything else was regular. There could have been no mistake made by the defendants with reference to what case the notice applied. The proof showed that the notice was properly served, and that the deposition was taken at the place and time specified in the notice, but before a different notary public from the one specified in the notice. The notice read that the deposition would be taken " before William G. Peckham, Esq., notary public, *or some other officer authorized by law to take depositions,*" etc. The deposition was actually taken before Nicoll F. Elmendorf, a notary public, and an officer authorized by law to take depositions in such cases. That was perfectly regular, and cannot be objected to. The notice conformed to section 863 of the Revised Statutes. There is no merit in this objection.

(3) It is also objected that " the will and probate proceedings of the estate of Edward Clark were improperly admitted." This objection, as stated in the record, is wanting in precision;

but taking it as stated in the brief of counsel for plaintiffs in error it is that "the certificates of authenticity are not in accordance with the laws of the United States. They are not under the seal of the court." In this statement counsel are in error. An inspection of the record shows that the only "certificates of authenticity" to which counsel refer, are the certificates of exemplification of the Surrogate's Court. These are in proper form, and are under the seal of the court. The letters "L. S." appear on the copy of the original letters testamentary. This objection is therefore without merit.

Another objection urged under this assignment is, that the charges for taxes and redemption of tax certificates by Loeb, after the sale of the property under the trust deed, were improperly allowed. With reference to these charges the court said :

"Here was a covenant in this trust deed on the part of the makers of the deed to pay all taxes and assessments on the property. They had up to the last moment before the sale in which to do that. It was not done. In fact those taxes were not paid until after the sale by this trustee — that is, he took up these certificates, procured them to be cancelled, so that they were no longer a lien on the property. It is true that in this deed the language used is, that out of the proceeds of sale he may pay all moneys advanced — advanced for insurance, taxes and other liens or assessments ; but it has seemed to me that the act of paying the taxes or taking up the certificates after the sale related back, in legal effect, to a period antedating the sale, and that it was equivalent to an advancement of money before the sale for the payment of the taxes and the clearing off of these tax liens and assessments. I understand from Judge Blodgett and am authorized to say that he has had this very question up in connection with trust deeds like this, and that he has taken the same view of the question, and has held that, although the amount necessary to pay off the taxes was not advanced before the sale, but was paid after the sale, it was an item which could be properly taken out of the proceeds of the sale of the property."

We see no objection to anything in that part of the court's

opinion or in that ruling. *Hall* v. *Gould*, 79 Illinois, 16 ; *Parsons* v. *Gas Light & Coke Co.*, 108 Illinois, 380.

Another objection is that the checks upon which the original loans were made were irrelevant and not counted on in the declaration, nor proof made of signatures. These were, in the view we take of the case, admissible as showing that the amount of money due on these notes was actually received from Edward Clark, as constituting part of the *res gestæ*.

One more objection remains under this second assignment, which is, that the statement of the account by McCoy should not have been received and adopted by the court as the basis of its judgment. It is not shown to our satisfaction that the account is wrong in any particular item or items. The objection is to the account as a whole. There is no ground for such an objection, if the principles upon which the account is stated are correct; and they are so in this case.

Under the third assignment of error, viz. that the court erred in excluding proper and competent testimony on behalf of the plaintiffs in error, the points relied on are that the court ruled out (1) proof of the moneys paid by plaintiffs in error to said Edward Clark; (2) the statutes of Illinois and New York concerning limitations, mortgages and estates; (3) evidence of the value of land sold by Loeb under the trust deed to and for Clark; (4) the evidence to show that the notes in suit were never scheduled in the Surrogate's Court of New York.

With reference to the moneys claimed to be paid by plaintiffs in error to Edward Clark, or his agents, and to the value of the land sold by Loeb at the foreclosure sale, the reply is, that there was no evidence going to show, nor do the defendants claim, that they ever paid money to any one but Loeb. Loeb was not the agent of Clark any more than of the defendants. He was a trustee for both parties to the contract. The moneys paid to Loeb by the defendants at the time they secured the loans were paid to him as their own agent. Bolton was Clark's agent in those transactions. We agree with the court below in holding those transactions to have been purely personal between Loeb and the defendants. So also with

regard to the sale of the property under the trust deed. If the defendants were wronged by that sale their remedy is against Loeb; and any loss they may have suffered cannot be pleaded to defeat the claim of the plaintiffs on the note.

There was no error in not allowing the statutes of limitation of New York and Illinois to be admitted in evidence, after the court had overruled the motion of the defendants to be allowed to plead them as a defence. The only way in which such statutes are available as a defence is when they are, at the proper time, specially pleaded. 1 Chitty on Pleading, 514, 515; Stephen on Pleading, 76, note; *Wilson* v. *King*, 83 Illinois, 232.

With respect to the refusal of the court to allow certain other public statutes to be introduced in evidence, it need only be said that the courts of the United States take judicial notice of all the public statutes of the several States.

Neither was there any error in excluding evidence offered to show that the notes sued on had never been inventoried as a part of the estate of Edward Clark, deceased. It was shown that the notes were his property at the time of his death, and by operation of law, in pursuance of his will, they passed to his executors, who possessed the right to sue for the amount due on them.

We see no error in the proceedings of the court below, and its judgment is                                                                            *Affirmed.*