MUTUAL LIFE INS. CO. OF NEW YORK v. DINGLEY.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1900.)

No. 520.

1. PLEADING—ISSUES—GENERAL DENIAL.

Where a general denial of an allegation of performance of all the conditions of a contract by plaintiff is coupled with a specification of the grounds on which such denial is based, and such grounds are held insufficient on demurrer, the denial itself does not put the allegation in issue.

2. INSURANCE—ACTION ON POLICY—ISSUES AND VARIANCE.

Plaintiff, in an action in a federal court, declared upon policies of life insurance issued by defendant to his intestate, and alleged performance by himself and the decedent of all conditions of the contract on their part. Defendant denied such allegation, and alleged that the insured had failed to pay premiums as required by the policies, which, by their terms, terminated the contracts. On demurrer this defense was held insufficient, under the state statutes by which the contracts were governed, which required the giving of a prescribed notice before a policy could be forfeited for nonpayment of premiums, and, on defendant's failure to amend, judgment was rendered for plaintiff. Held, that such judgment was not based upon the statute, and therefore upon a cause of action not pleaded, but that such statute, of which the court was bound to take judicial notice, was applicable only to the defense pleaded, and, that defense being rendered by the statute insufficient, the judgment was based upon the untraversed allegations of the complaint.

3. SAME—CONTRACT—BY WHAT LAW GOVERNED.

Where an application for life insurance, which was made a part of the contract of insurance, recited that it was made "subject to the charter of the company and the laws of the state of New York," where the company was domiciled, the policy was there issued, and both policy and premiums were made payable there, the contract is governed by the laws of New York, although the application was signed and the policy delivered in another state, where the insured resided.

4. SAME—FORFEITURE FOR NONPAYMENT OF PREMIUMS—NEW YORK STATUTE.

The provision of the New York insurance statutes, requiring a prescribed notice to be given before a policy can be declared forfeited for nonpayment of premiums, is mandatory, and cannot be waived by the parties; and a parol statement or agreement by a policy holder, after he has made default, recognizing that his policy has thereby lapsed, can-

not affect the operation of such statute, where it was without consideration, and no grounds of estoppel existed.

5. SAME—CONSTRUCTION OF STATUTE.

   Such statute is not limited in its application to policies issued to citizens of New York, but extends, by its terms, to all policies issued by companies doing business in the state.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

This writ of error is brought to review the decision of the circuit court in rendering judgment for the defendant in error upon the pleadings filed in an action at law to recover upon four several policies of life insurance. The complaint alleged: That the Mutual Life Insurance Company of New York, the defendant in the action, is a corporation organized under the laws of the state of New York, and has its home office in the city of New York. That on May 24, 1892, it issued to plaintiff's intestate three several policies of insurance, the first and second of which were for $10,000 each, and the third for $5,000, upon each of which policies there was paid the premium for the first 15 months, and that on November 7, 1892, it issued a fourth policy for $50,000, upon which one year's premium was paid. The form of the policy in each case is the same, and is set forth in the complaint in full. It is recited therein that it is issued in consideration of the application therefor, which is made a part of the contract. It promises to pay at the home office of the company, in the city of New York, the amount of insurance covered thereby, upon acceptance of satisfactory proofs at the home office of the death of the insured. It provides that the annual premium shall be paid to the company at its home office, in the city of New York, on August 24th in every year for 20 years. It contains the recital that the company has caused the policy to be executed at its office, in the city of New York, state of New York. Concerning the payment of premiums, there are also the following provisions: "Each premium is payable at the office of the company, in the city of New York. Notice that each payment is due at the date named in the policy is given and accepted by the delivery and acceptance of the policy, and any further notice required by any statute is expressly waived." The complaint further alleges the death of the insured at Seattle on November 12, 1896, the appointment of the plaintiff as the administrator of his estate, and that on May 28, 1897, the defendant in error furnished due proofs of the death of the insured, which were accepted by the company as satisfactory, and it contains the allegation that the insured and the administrator "each duly performed all conditions of said policy on their part." To this complaint the insurance company made answer, admitting the allegations of the complaint as to its creation under the laws of New York, the location of its principal place of business in that state, the execution of the policies and the payment of premiums, but alleged that the policies were delivered in the city of Seattle, and not in the city of New York. It admitted the making and acceptance of satisfactory proofs of death of the insured, but denied the performance of the conditions of the policy on the part of the defendant in error or his intestate. It set up an affirmative defense, alleging: That its chief office for the transaction of business in the state of Washington was in the city of Seattle. That the applications were signed at Seattle, and were a part of the policy and of the contract of insurance. That the application recited the stipulation that the policy should not take effect until the first premium should have been paid and the policy delivered. That the agent of plaintiff in error in Seattle transmitted said application to the general agent in San Francisco, by whom it was transmitted to the insurance company in New York. That the insurance company executed its policies, and transmitted the same to its general agent in San Francisco, who transmitted the same to its agent in Seattle, to be there delivered upon the payment of the first premium, and that there the insured paid the first premium and received the policies. That it was provided in said policies that "each premium is due and payable at the home office of the company, in the city of New York, but will be accepted elsewhere, when duly paid in exchange for the company's receipt, signed by the president or secretary. Notice that each and every such

payment is due at the date named in the policy is given and accepted by the delivery and acceptance of this policy. Any further notice required by any statute is thereby expressly waived." That from the date of said policies to the time of his death the insured resided in Seattle, and transacted business there, and was a man of general information and experience in business affairs. That he knew and was fully informed of the date when the second annual premiums on said policies became due, in the year 1893, and the amounts thereof, and that with full knowledge of the premises he did elect to make and did make no further payment thereon, and elected to allow and allowed the said policies to lapse and become void for want of payment of premiums, because he did not further desire to continue said insurance, and that from that time he knew that the insurance company had written off said policy from its books, and treated the same as lapsed. That until the time of his death the insured elected to make no further payment of premium or premiums. That by reason of said facts his administrator is estopped to assert that the policies are existing contracts. By stipulation, the several applications were made part of the pleadings. The defendant in error filed a demurrer to each of the affirmative defenses, for want of facts sufficient to constitute a defense, and filed a general demurrer to the answer as a whole. The demurrers were sustained. The plaintiff in error declining to amend its answer or plead further, judgment was rendered for the defendant in error for the sum of $71,954.15, with interest and costs.

Edward Lyman Short, John B. Allen, R. C. Strudwick, Struve, Allen, Hughes & McMicken, and Strudwick & Peters, for plaintiff in error.

Harold Preston, E. M. Carr, and L. C. Gilman, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is contended that after the demurrer to the affirmative matter alleged in the answer was sustained there still remained in the answer a denial of one of the essential averments of the complaint,— a denial of the allegation that the insured had performed the conditions of the contracts. It was a denial in general terms that the insured or the plaintiff duly or at all performed all or any of the conditions in said policies on their part. Whether this general denial, standing by itself, and unaided by the further averments of the answer, would be sufficient to put in issue the allegation of the complaint, it is unnecessary to decide. It was coupled with a specific averment of the particulars wherein the insurance company claimed that the insured had failed to perform the terms of the contracts. When the defendant in an action thus makes specific the items wherein he contends that the plaintiff has failed to perform, he must in his proof be held to the particular matter so pleaded, and will not be permitted to avail himself of a general denial for the purpose of proving that the plaintiff has failed in some other particular not named. Philip Schneider Brewing Co. v. American Ice-Mach. Co., 23 C. C. A. 89, 77 Fed. 138, 143; Kahnweiler v. Insurance Co., 14 C. C. A. 485, 67 Fed. 483, 485; Preston v. Roberts, 12 Bush, 570, 582. The general allegation of performance on the part of the plaintiff, as the same was set forth in the complaint, is permitted under the Washington Code. "In pleading the performance of conditions precedent in a contract, it shall not be

necessary to state the facts showing such performance, but it may be stated, generally, that the party duly performed all the conditions on his part; and, if such allegation be controverted, the party pleading shall be bound to establish on the trial the facts showing such performance." Section 4934, 2 Ballinger's Ann. Codes & St. As the insurance company in its denial specified wherein it alleged that the insured had failed to perform, and those matters so alleged were found by the court insufficient to raise an issue, there remained nothing in the answer whereby the averment of the complaint was put in issue.

It is contended that the judgment of the circuit court should be reversed, because it is rendered, not upon the cause of action alleged in the complaint, but upon one not alleged, and which differs essentially therefrom. It is said that the cause of action set up in the complaint, as to each of the policies sued upon, is based strictly and solely upon the rights created by the execution and delivery of the policies, coupled with the averment that the insured had performed all the conditions thereof; but that the judgment is rendered, not upon the facts so pleaded, but upon a liability created by a statute of the state of New York,—a statute which was not alluded to in the pleadings, and not declared upon in the complaint, as the source of the defendant's liability,—and that by virtue of that statute the policies were held to be subsisting contracts, in the face of the admission in the pleadings that the insured never did perform the conditions of the contracts of insurance, but, on the contrary, made default in the payment of premiums which were essential conditions to their subsistence, and for which default the policies, according to their terms, became lapsed. It is argued that in so giving effect to the statute of New York, and so rendering judgment, the court made an unwarranted departure from the causes of action pleaded in the complaint. To sustain this contention, the plaintiff in error cites Railway Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, a case in which Wyler commenced an action in the state court of Missouri to recover for personal injury suffered while working for the railway company in Kansas, alleging that the injury occurred through the company's negligence in employing a fellow servant who was known to be incompetent. A Kansas statute in force at that time made every railway company liable for injury done an employé in consequence of the negligence of such fellow servant. The case was removed to the circuit court of the United States for the Western district of Missouri, and there an amended petition was filed changing the cause of action, alleging the negligence of the plaintiff's fellow servant, and charging that the railway company was liable therefor by virtue of the provisions of the Kansas statute. To the amended petition the railway company pleaded the statute of limitations of Missouri. The court decided that the amended petition set up a different cause of action from that alleged in the original petition, and that the commencement of the new action was to be regarded as dating from the filing of the amended petition. The points which distinguish that case from the case before

the court are apparent. The present case was begun in a court of the United States,—a court which takes judicial notice of all the statutes of the several states of the Union. Gormley v. Bunyan, 138 U. S. 623, 11 Sup. Ct. 453, 34 L. Ed. 1086; Hanley v. Donoghue, 110 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535; Bank v. McGraw, 8 C. C. A. 420, 59 Fed. 972. The complaint sets forth causes of action based upon contracts of insurance. It alleges the execution of the contracts, the delivery of the policies to the insured, and the performance by the insured of the conditions thereof. The insurance company made no denial of these allegations, except to deny in general terms that the insured had performed the conditions of the contracts. The insurance company then proceeded to set up in its answer its affirmative defenses, one of which was the failure of the insured to pay subsequent premiums which fell due. It alleged that thereby, under the terms of the policies, the contracts of insurance lapsed and became forfeited. To these defenses the defendant in error demurred. The question for the court to determine was whether or not facts were stated which were sufficient to constitute a defense. To the facts so alleged in the answer the court was required to apply the law, which determined the question of their sufficiency, and it was immaterial whether or not the statute of New York was pleaded by either party, since, as we have seen, the court was bound to take judicial notice of it. The statute (Laws N. Y. 1892, c. 690, § 92) provided as follows:

"No Forfeiture of Policy Without Notice. No life insurance corporation doing business in this state shall declare forfeited or lapsed any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited or lapsed by reason of nonpayment, when due, of any premium, interest, or installment or any portion thereof, required by the terms of the policy to be paid, unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof due on such policy, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known postoffice address, postage paid by the corporation, or by an officer thereof, or person appointed by it to collect such premium, at least fifteen, and not more than forty-five days prior to the day when the same is payable. The notice shall also state that unless such premium, interest, installment, or portion thereof, then due, shall be paid to the corporation, or to a duly-appointed agent or person authorized to collect such premium, by or before the day it falls due, the policy, and all payments thereon, will become forfeited and void, except as to the right to a surrender value, or paid-up policy, as in this chapter provided. If the payment demanded by such notice shall be made within the time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. The affidavit of any officer, clerk, or agent of the corporation, or of anyone authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy, shall be presumptive evidence that such notice has been duly given."

It will be seen from the terms of the statute that the insurance company could declare the contracts of insurance forfeited for nonpayment of premiums only by giving the notice therein specified.

This was an essential ingredient of the defense which it attempted to make. There was no allegation in the answer that the notice had been given. Measured by the statute, the facts pleaded were insufficient to constitute a defense, and the court so decided. The demurrer being sustained, there was no answer to the complaint. The case stood with all the allegations of the complaint admitted to be true, and upon such admission the court properly entered judgment. No question of departure is presented. The complaint was not amended. No change was made in the cause of action. The judgment was rendered upon the facts, which were set forth in the complaint. The defendant in error declared upon a liability created by contract and alleged performance of the terms of the contract. Upon that declaration, uncontroverted, as it was, by the insurance company, the judgment was rendered. He did not allege one cause of action, and sustain his complaint by evidence of a different cause of action. The case was decided upon the pleadings,—upon the untraversed allegations of the complaint. It was no answer to the case made in the complaint to say that the insured had failed to pay premiums, and that thereby his policies were forfeited; for the law attached no such result to that default.

The plaintiff in error contends that the contracts were made and entered into in the state of Washington, and for that reason are not subject to the provisions of the New York statute. It is true that the insured resided in the state of Washington, and there made application for his insurance, but the applications recited that they were made "subject to the charter of the company and the laws of the state of New York." The applications were sent to the office of the company at New York, and there were approved, and there the policies were made out and executed. The policies were then sent to the company's agent at Seattle, where they were delivered to the insured upon the payment of the premiums. Each policy provides in terms, as well as do the applications, that the application is a part of the policy and of the contract of insurance. Each policy also recites that it is payable at the city of New York upon acceptance there of satisfactory proofs of death, that the annual premiums are to be paid there, and that the policy is executed there. The company inserted in the policies a waiver in terms of the service of any notice of the due date of premiums required by statute. That reference must have been to the New York statute, for there was no Washington statute applicable. It is clear that the state of New York was the place of performance of the contracts, and that by the laws of that state the contracts are governed. Society v. Nixon, 26 C. C. A. 620, 81 Fed. 796; Same v. Trimble, 27 C. C. A. 404, 83 Fed. 85; Coghlan v. Railroad Co., 142 U. S. 101, 12 Sup. Ct. 150, 35 L. Ed. 591; Hall v. Cordell, 142 U. S. 116, 12 Sup. Ct. 154, 35 L. Ed. 956; London Assur. Co. v. Companhia De Moagens Do Barreiro, 167 U. S. 149, 17 Sup. Ct. 785, 42 L. Ed. 113.

It is contended that the court erred in sustaining the demurrer to the affirmative matter of the answer, which alleged that the insured informed the insurance company that he recognized that the

contracts of insurance were lapsed, and that he refused to continue his policies, and that it was then mutually agreed between the contracting parties that the policies were lapsed and terminated. It is not asserted that the contracts of insurance were declared forfeited by an instrument under seal, or that any consideration passed to the insured for the cancellation thereof. The matters so pleaded evidently rested in parol. Such oral statements could be of no more binding effect than the express written waiver which was contained in the policies. We have already decided that the parties to an insurance contract cannot be permitted by parol agreement to annul the express provisions of the statute (Society v. Trimble, supra; Same v. Nixon, supra); and further consideration only confirms our conviction of the correctness of that view. In the Nixon Case it was said:

"The statute of New York prescribes the condition upon which a policy may be forfeited for the nonpayment of a premium. The statute is mandatory, and controls the contract. Its provisions are not subject to be set aside or waived either by the company or the assured, or by both together."

Nor can any ground of equitable estoppel arise from the default of the assured in the payment of premiums or any of the facts set forth in the answer. It is not shown that the relation of either party to the contracts was changed, or that the insurance company did or refrained from doing any act to its injury in reliance upon such parol statement of the insured.

It is contended, further, that the New York statute is limited in its application to business done in the state of New York, and applies only to policies issued and delivered in that state to the citizens thereof. The language of the statute is broader than this. It reads: "No life insurance company doing business in the state of New York shall have power," etc. The company was a New York company, doing business in that state, and comes within the precise words of the statute. If it had been the intention to restrict the benefits and protection of the statute to the citizens and residents of the state of New York, it is reasonable to presume that that intention would have been expressed. It must have been known to the lawmakers that certain of the life insurance companies of New York were doing an extensive insurance business with residents of other states. The language of the statute extends to all business done by such companies. Its very terms preclude a narrow construction. Hebb v. Insurance Co., 138 Pa. St. 174, 20 Atl. 837; Association v. Musser, 120 Pa. St. 384, 14 Atl. 155; Association v. Ficklin, 74 Md. 172, 21 Atl. 680, 23 Atl. 197; Insurance Co. v. Fields (Tex. Civ. App.) 26 S. W. 280.

We find no error for which the judgment should be reversed. It is accordingly affirmed.