In re GLOVER–McCONNELL CO.

Petition of UNITED STATES.

(District Court, N. D. Georgia. December 2, 1925.)

No. 2388.

1. **Internal revenue** ⬡25—An assessment of income taxes is prima facie correct.

An assessment of income taxes is prima facie correct.

2. **Limitation of actions** ⬡180(6), 182(5)—Limitations waived by failure to demur or plead statute.

Defense of limitations, if not urged by demurrer, or plea, or answer, is considered waived, and cannot afterwards, on trial, be urged by objection to evidence, or motion to dismiss, or in arrest of judgment.

3. **Bankruptcy** ⬡340—"Proof of claim" is assertion of debt, which results in binding judgment, though subject to be reopened.

"Proof of claim" in bankruptcy is the assertion of a debt in court, which may be defended, and which results in a binding judgment, though subject to be reopened for cause, under Bankruptcy Act, § 57k (Comp. St. § 9641).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proof of Claim.]

4. **Internal revenue** ⬡4—Remedies for collection and limitation statutes may be changed or altered.

The remedies for collection of internal revenue, and statutes of limitation, affecting as they do only the remedy, may be changed or altered, as was done by Act Nov. 23, 1921, § 250(d) being Comp. St. Ann. Supp. 1923, § 6336⅛tt.

**5. Internal revenue ⊜⇒25—Correction of assessment on motion for abatement held not a new assessment, outlawed by limitations.**

Where return of partnership was found erroneous, and new assessment made as one against corporation, and abatement was subsequently ordered of portion of increase due to assessment of company as a corporation, held, that computation of corrected amount was not a new assessment, outlawed by the limitation prescribed by Act Nov. 23, 1921, § 250(d) being Comp. St. Ann. Supp. 1923, § 6336⅛tt, in view of Act March 3, 1917, §§ 201, 205, making an assessment of a partnership a liability of the firm.

**6. Internal revenue ⊜⇒26—Corporation, taking over assets of partnership, takes them subject to lien for taxes.**

Assets of a partnership, delivered to its successor corporation, are charged with a lien for unpaid income taxes; the corporation being charged with notice through its officers, the former partners.

**7. Bankruptcy ⊜⇒340—Burden on trustee of bankrupt corporation to show that assets of partnership burdened with tax lien are not in his hands.**

Where the government asserts a tax lien against the trustee in bankruptcy of a corporation, which took over assets of partnership, against which assessment was made, the burden is on the trustee to prove that none of the assets of the partnership so incumbered are in his hands.

**8. Bankruptcy ⊜⇒314(1)—Corporations ⊜⇒ 30(6)—Corporation, taking over partnership assets in exchange for capital stock, liable for partnership obligations, which may be proved in bankruptcy against corporation.**

Where a corporation takes partnership assets in exchange for capital stock, without provision for payment of debts, it is presumed to have assumed partnership debts, and is liable therefor to the extent of the assets, despite change of ownership of capital stock, or disposition of original assets, and such debts may be proved in bankruptcy against the corporation.

**9. Bankruptcy ⊜⇒346—Tax claims of United States against partnership entitled to priority over other debts of bankrupt corporation, which succeeded to assets.**

Claims of the United States against a bankrupt corporation for taxes assessed against a partnership, whose assets the corporation succeeded to, are entitled to priority against the assets of the bankrupt.

In Bankruptcy. In the matter of the bankruptcy of Glover-McConnell Company, bankrupt, in which the United States claimed priority for taxes unpaid. A referee disallowed and dismissed the claims, and the United States petitions to review his decision. Judgment reversed, with directions to allow claims as preferred.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga.

Willingham, Wright & Covington, and Paul H. Doyal, all of Rome, Ga., for trustee.

SIBLEY, District Judge. In August 21, 1924, the United States, through its collector of internal revenue, made proof against the estate of the bankrupt corporation, Glover-McConnell Company, of claim of debt for income taxes due for the year 1917 by Glover-Ball Company, claiming priority therefor under the Bankruptcy Act. On October 21, 1924, the claim was supplemented by including similar taxes for the year 1919. The trustee in bankruptcy opposed allowance by written objections, in substance that the bankrupt corporation was not in existence in 1917 or 1919, and did not and could not owe taxes for said years; that no assets in the trustee's hands were in existence in 1917 or 1919, or could be charged with said taxes; and that the assessments are proceeding illegally against Glover-McConnell Company —no other illegality being specified.

On the trial of the objections before the referee after the evidence was concluded, a motion was made to dismiss the claims for taxes, because not assessed nor asserted within the time limited by law. This motion was granted and the claim disallowed, and the United States seeks a review of the judgment. On argument here the claim for taxes for the year 1919 has been expressly abandoned and will not be further noticed.

The material facts appearing from the record as to the taxes for 1917 are these. During 1917 James A. Glover, Charles Ball, and J. M. Glover were doing a mercantile business as partners under the name of Glover-Ball Company. On March 30, 1918, James A. Glover made a return of income as for a partnership, showing a net income to be apportioned to the partners, tax on which appears to have been paid by the partners through their individual returns. During 1918 J. M. Glover sold his interest in the partnership to James A. Glover, and has since died. In March, 1920, a corporation, Glover-Ball Company, was organized; the assets of the partnership being taken over by the corporation in return for shares in its capital stock, one share being issued to a third person to qualify him as a necessary organizer. Ball sold his stock to McConnell, and in 1921 the corporate name was changed to Glover-McConnell Company. On March 23, 1923, an additional tax for 1917 was assessed against Glover-Ball Company in the sum of $5,299.17, on an amendment of the return made by the collector of internal revenue January 19, 1923; the amendment

being based on a report of an internal revenue agent dated January 5, 1923. The additional tax results partly from an increase in the net income attributed to the partnership during 1917, and from other corrections, and partly from figuring the tax as one against a corporation rather than a partnership.

On April 19, 1923, a claim to abate the whole assessment was made in the name of Glover-Ball Company, by James A. Glover, on the sole ground that it, in 1917, was a partnership, and not a corporation, and that the partners had paid taxes as individuals. On December 12, 1924, on this ground an abatement was allowed of $2,176.97, and the taxes fixed at $3,122.24, arising from the corrections made in the amount of net profits. This is the amount now claimed by the United States.

[1-3] The assessment is prima facie correct. No attack is made on the correctness of the figures. The controversy is as to the liability for the tax. The United States contends that, as there was no pleading of any statute of limitations, the judgment on that ground should be forthwith reversed. It is true that at common law the defense of the statute of limitations could be taken only by special pleading. Now, where the defense appears from the plaintiff's statement of his cause of action, it may be generally asserted by demurrer. If not urged by demurrer, or plea, or answer, it is considered waived, and cannot afterwards, on the trial, be urged by objection to evidence, or motion to dismiss, or in arrest of judgment. 25 Cyc. 1396, 1401; Gormley v. Bunyan, 138 U. S. 623, 11 S. Ct. 453, 34 L. Ed. 1086. The proof of a claim in bankruptcy is the assertion of a debt in court, which may be defended, and which results in a binding judgment, though subject to be reopened. The rule above stated has therefore been applied to proofs of debts in bankruptcy; In re Weidenfeld (C. C. A.) 277 F. 59. On authority of that case, the judgment here should be reversed; but since, under Bankruptcy Act, § 57k (Comp. St. § 9641), the allowance of a claim is subject to be reopened for cause, it would seem that nothing would result, save an application to reopen, or to amend the objections, if leave were granted to do so. I am doubtful of the propriety of making the failure of a trustee in bankruptcy to plead limitation a final waiver of that defense. I therefore pass to the merits of that issue.

[4, 5] The tax liability arises under the Revenue Act approved March 3, 1917 (39 Stat. 1000), as amended by the Act approved October 3, 1917 (40 Stat. 302). The remedies for collection have been altered since, as they might be. Limitation affects only the remedy, and the limitations in effect when this additional tax was assessed and proof thereof sought to be made are the applicable limitations. The assessment of March 23, 1923, was therefore made under the limitation provisions of the Act of November 23, 1921, § 250(d) being Comp. St. Ann. Supp. 1923, § 6336⅛tt seven days "within five years after the return was filed," as thereby required. The contention is, however, that it was made against Glover-Ball Company as a corporation, and that no sum was assessed against Glover-Ball Company as a partnership until December 12, 1924, when the abatement claim was favorably passed upon.

The point is not well taken. Glover-Ball Company, as a partnership, made this return on March 30, 1918, for the year 1917. The inspector, in January, 1923, decided and reported that it was a corporation, and also that it had, in 1917, a greater net income than was reported. He recommended an assessment at the rates provided for corporations on the income as increased by him. The collector accordingly amended the return and the Commissioner made the assessment. The Glover-Ball Company, by James A. Glover, sought abatement of the entire assessment, not on the ground that the net income had been wrongfully increased, but on the sole ground that the company was not, in 1917, a corporation, and subject to corporation rates, but was a partnership, and its members had paid their individual taxes. The final decision was that Glover-Ball Company was a partnership in 1917, and not subject to corporation rates, but that it owed taxes as a partnership in the sum now claimed.

This was not a new assessment, but an abatement of the former one. The former assessment was not intended to be against the Glover-Ball Company, which was incorporated in 1920, or the Glover-McConnell Company, which was doing business in 1923, but against the Glover-Ball Company, which had earned an income in 1917, and which made a return thereof. That an excessive tax was assessed on the erroneous opinion that that company was a corporation is of no more significance than if the error had arisen from some other miscalculation. If, for example, married men were taxed at a different rate from single men, and A., making a return as a single man, were afterwards assessed additionally on the grounds that his

income was greater, and that he was a married man, correction of the latter contention on his complaint would not annul the additional tax assessed because of the greater income found. The computation of the corrected amount would not be such a new assessment as would be outlawed by a time limitation intervening.

This reasoning would not apply if the partnership, as under prior and later laws, owed no tax as an entity, but made returns only as information touching the partners. An assessment against it could not charge the individual partners or others. But under the Act of March 3, 1917, §§ 201 and 205, partnerships as such were subjected to excess profits taxes, and required to make returns accordingly. The tax was a liability of the partnership, and disputes touching it are with the partnership. Since nothing to the contrary appears here, it is to be assumed that this is the tax finally assessed. It is a valid assessment against the partnership.

[6,7] So far as the assets delivered over by the partnership to its successor corporation are concerned, they were charged with a lien for this tax, though its existence was not then apparent and the amount had not been fixed, the corporation being charged with notice through its officers, the former partners. Heyward v. United States (C. C. A.) 2 F. (2d) 467. The trustee contends in his objections that none of the assets so incumbered are now in his hands. No proof, however, is offered to this effect, and the burden is on him to sustain the objections.

[8] The same result is reached from other considerations. When a corporation takes over the entire assets of a partnership, for no consideration save its own capital stock, and with no provision for the payment of the partnership debts, the partnership, in effect, becoming incorporated, the just inference is that it assumes the partnership debts. To the value of the assets certainly it is responsible to partnership creditors. Disposing of the assets would not dispose of this obligation. The evidence indicates that the assets here involved amounted to about $40,000. There is no showing as to what the partnership liabilities were. Though there were changes in the ownership of the capital stock, and though the original assets were substituted by others, the obligation to pay this assumed liability persists. The debt may be proved in bankruptcy against the corporation.

[9] The remaining question is whether this claim has the priority given taxes due the United States by the Bankruptcy Act. Notwithstanding the deviousness by which the liability attached to the bankrupt, it seems to me to be still a tax due to the United States, from whomsoever collected. Whether the surviving partners are still liable, and whether there is a remedy over against them, is not for decision here.

The judgment is reversed, and the referee is directed to allow the abated claim for taxes for 1917 as a priority debt.