## UNDERWOOD v. UNITED STATES.
### No. 9.

District Court, E. D. Texas, Tyler Division. Nov. 2, 1939.

Goree & Rice, of Fort Worth, Tex., for plaintiff.

Steve M. King, U. S. Atty., and Fred Hull, Asst. U. S. Atty., both of Beaumont, Tex., for defendant.

ALLRED, District Judge.

This suit was filed by plaintiff asking for a final determination as to the existence and priority of liens for gasoline taxes asserted by the Government against two tracts of land in Gregg County, Texas. The facts have been stipulated.

Prior to February, March and April, 1934, a permit to carry on a gasoline refining business was issued in the name of Hanover Refining Company, a co-partnership composed of Brown McCallum, J. S. Presnall, Jr., and C. A. (Jack) Buckley. The registration to conduct such business was in the name of Hanover Refining Company, a partnership. The bond required under the laws of the United States was issued in the name of Hanover Refining Company, a partnership. All refining operations which formed the basis for the tax liens asserted by the Government were conducted in the name of Hanover Refining Company, a partnership; and all taxes paid to the Government were paid in the name of Hanover Refining Company, a partnership.

On December 4, 1935, J. S. Presnall, Jr., and Brown McCallum executed and delivered to plaintiff a deed of trust covering the two tracts of land, one tract being owned individually by McCallum, the other being owned individually by Presnall. The deed of trust was to secure a valid and subsisting personal indebtedness exceeding $10,000 owed plaintiff by McCallum and Presnall personally. The indebtedness was not that of the partnership of Hanover Refining Company, which had been dissolved prior to that time.

The deed of trust was not recorded so as to be effective against *creditors* and subsequent purchasers (as required by Art. 6627, R.C.S. of Tex.1925) until March 12, 1936. Thereafter plaintiff foreclosed his deed of trust lien on the property and became the purchaser at the sheriff's sale by deed dated January 5, 1937, recorded January 14, 1937, in the Deed of Trust Records of Gregg County, Texas. The property has been at all times and is now valued at $1,250.

On February 20, 1936, after the execution of the deed of trust but before it was recorded, the Government filed for record in the Tax Lien Records of Gregg County, Texas, notices of tax liens for gasoline taxes "on behalf of the United States v. Brown McCallum, J. S. Presnall, Jr., and C. W. (Jack) Buckley, doing business as Hanover Refining Company of Kilgore for gasoline taxes for" the months of February, March and April, 1934, aggregating $4,964.99.

Plaintiff makes two major contentions:

(1) The Government's lien is not superior to plaintiff's prior unrecorded deed of trust lien;

(2) The Government's lien attached only to the partnership property of Hanover Refining Company and never did attach to the property in question because it was not partnership property but individually owned by McCallum and Presnall.

In my opinion, neither proposition is sound.

■ Under the statutes the Government had a lien upon all property and rights to property, whether real or personal, belonging to the taxpayer. 26 U.S.C.A. Int.Rev. Code, § 3670. Under early decisions this lien was not subject to the recording laws of the United States, and was enforceable even against a subsequent bona fide purchaser for value without notice. As a result of these decisions, Congress amended the statute and provided, 26 U.S.C.A. Int. Rev.Code, § 3672:

"Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) In accordance with the law of the State or Territory in which the property subject to the lien is situated."

Article 6627, of the Revised Civil Statutes of Texas for 1925, provides, in part, as follows: "All bargains, sales and other conveyances whatever, of any land * * * and all *deeds of trust* and mortgages shall be *void* as to all *creditors* * * * unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law * * *." (Italics mine.)

Plaintiff says that the Government's lien is absolutely dependent upon the statute requiring it to be recorded in order to be ef-

fectual against mortgagees, purchasers or judgment creditors; and that since such statute makes no mention as to whether mortgages or deeds of trust must be recorded, an unrecorded deed of trust is superior to the Government's lien.

It is difficult to follow plaintiff's reasoning. As pointed out above, before the amendment requiring Government liens to be recorded, they were effectual even against subsequent bona fide purchasers for value without notice. United States v. Beaver Run Oil Co., 3 Cir., 99 F.2d 610, citing United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705. How, then, if an *unrecorded* Government tax lien was superior, prior to the amendment, to a *recorded* deed of trust, can it be logically held that a *recorded* Government lien is now inferior to an *unrecorded* mortgage lien?

Plaintiff cites numerous authorities to the effect that the Government's lien attaches only to the property of the taxpayer, as in United States v. Bank of Shelby, 5 Cir., 68 F.2d 538, holding that the Government's right to a bank deposit of a taxpayer was subject to the right of the bank to offset an indebtedness owed to it by the depositor. These cases do not, however, deal with the construction of a statute requiring registration of conveyances or assignments in order that they may be effectual against creditors and subsequent purchasers for value.

The Texas statute makes absolutely void an unrecorded deed of trust as to *creditors*. The United States was a "creditor" of the taxpayer within the purview of the Texas statute. It could have filed suit for the debt and secured the issuance of ancillary writs of garnishment or attachment, just as any other creditor. If it had run a writ of garnishment on a bank to tie up the taxpayer's bank account, the Government's rights would have been subject to any offsets by the bank, United States v. Bank of Shelby, supra; or it could fix its lien under the statute just as effectually as any other creditor.

The Government's rights are not unlike those of a judgment creditor under the Texas statute, Art. 5449, R.C.S. of Tex. 1925, Vernon's Ann.Civ.St.Tex. art. 5449, providing that when any judgment has been recorded and indexed in the manner prescribed by law, it shall "from the date of such record and index, operate as a lien upon all of the real estate *of the defendant* situated in the county * * *."

The language of this statute is similar to but not as broad as the United States statute (§ 3670, Tit. 26 U.S.C.A. Int.Rev. Code), which provides for "a lien in favor of the United States upon all property and rights to property, whether real or personal, *belonging to such person*." The Texas statute (Art. 5449, supra) has been construed by the Texas courts as creating a lien in favor of the judgment creditor "superior to all unrecorded deeds of trust of which it had no notice." Gordon-Sewall & Co. v. Walker, Tex.Civ.App., 258 S.W. 233, 237, writ of error dismissed, and authorities therein cited.

Exchange Nat. Bank of Tulsa v. Davy et al., D.C.N.D.Okl., 13 F.Supp. 226, 228, is clearly in point. In that case, although the Government's lien was denied as against the prior claims of the bank, it was upon the ground that the bank's rights in the trust property sought to be reached by the Government "consisted of a chose in action, not real property, when given" Judge Kennamer says: "No recording was required of such an assignment. The assignment became effective upon the trustee when notice of it was given; the beneficiary could not have effectively assigned the trust property to another after the first assignment, because the trustee, the legal title holder of the trust property, would have been bound to respect the first assignment."

Judge Kennamer says further, however:

"It has been judicially determined, and properly so, that the lien of the United States in such cases is subject to prior recorded mortgages. See Sherwood v. United States (D.C.) 5 F.2d 991; Ormsbee v. United States (D.C.) 23 F.2d 926. No case has been submitted which extends the ruling to unrecorded mortgages, and in my opinion, to so extend it, would open a way for fraud and wrongdoing, to the great prejudice of the government. *The act should not be construed to declare the tax liens invalid as against a mortgagee who has not recorded his mortgage,* because of the provisions relating to the filing of notice. This clearly is intended to place the government in the same position as any other lienholder who is diligent in filing or recording liens, and it is to be accorded the same rights and benefits of the recording statutes which are given individuals. * * *

"The recording statutes apply to real estate transfers and transactions; they are *not* applicable to *personalty*." (Italics mine.)

In re F. MacKinnon Mfg. Co., 7 Cir., 24 F.2d 156, 159, is likewise authority for the proposition that: "Taxes due the United States for which a notice of tax lien was filed November 19, 1925, and therefore prior to the recording of appellant's mortgage were likewise a lien upon this fund prior to appellant's lien."

Plaintiff seeks to distinguish In re F. MacKinnon Mfg. Co., supra, upon the proposition that bankruptcy having intervened, the trustee took over the assets of the estate, thus cutting off all unrecorded mortgages under the bankruptcy statute. This, however, was not the basis of the Circuit Court's holding. The quotation from the opinion set out above clearly recognizes the priority of the Government's recorded lien over the claimant's unrecorded lien.

I, therefore, hold that the Government's recorded tax liens are superior to plaintiff's unrecorded mortgage lien.

Under the second proposition, plaintiff urges that the Government's lien attached only to the partnership property of Hanover Refining Company and never did attach to the individual property of McCallum and Presnall.

Pointing out that because under the act the term "person" means and includes a partnership, plaintiff takes the position that the taxpayer was the partnership; that the partnership made the bond and was issued a permit. Plaintiff cites In re Glover-McConnell Co., D.C.Ga., 9 F.2d 683, by Judge Sibley, now on the Circuit Court of Appeals for the 5th Circuit, construing the income tax law wherein the statement is made that an assessment against a partnership could not charge the individual partners or others. No authority is cited in support of this statement by Judge Sibley; but if the case be construed as holding what plaintiff urges, I do not believe it is controlling here.

■ It is elementary in Texas that partners are jointly and severally liable for the obligations of the partnership, including non-contract liabilities. 32 Tex.Jur., § 87, p. 356. Members of a partnership firm have even been held to be personally liable for a statutory assessment under the banking laws upon stock appearing on the books of the bank in the name of the partnership. Shaw v. Green, 128 Tex. 596, 99 S.W.2d 889; Shaw v. McMillan, Tex.Civ.App., 24 S.W. 536.

Partners have been held to be personally liable to the Government for statutory penalties by reason of unlawful importations of goods in violation of an Act of Congress providing that:

"If any person or persons shall receive, conceal, or buy, any goods, wares, or merchandise, knowing them to have been illegally imported into the United States, and liable to seizure by virtue of any act in relation to revenue, such person or persons shall, on conviction thereof, forfeit and pay a sum double the amount of value of the goods, wares, or merchandise, so received, concealed, or purchased." Act March 3, 1823, § 2, 3 Stat. 781. Stockwell v. United States, 13 Wall. 531–568, 20 L. Ed. 491. In that case the partnership received the goods and derived benefits therefrom; and the individual partners were held charged with knowledge of another member of the partnership that the duties had been evaded.

■ In the case before me the notices of tax liens were filed against "Brown McCallum, J. S. Presnall, Jr., and C. W. (Jack) Buckley, *doing business as Hanover Refining Company, of Kilgore.*" (Italics mine.) The partnership was composed of the three named individuals. They received the benefits of the operations of the partnership. It would be as reasonable to urge that the Government would be limited to a recovery upon the bond given by the partnership as to say that the Government could not, like an individual creditor, enforce the obligations against the partners personally. This contention is overruled.

Decree will be for the defendant. Let an order be prepared in accordance with this memorandum.