A. Fbanklin Mahoney, J.
This is an action by plaintiff, chattel mortgagee of a diner, to replevy such personal property, its equipment and contents, from the defendant Walfred Corporation, the purchaser at a Federal tax lien sale of the property of a delinquent taxpayer who was plaintiff’s chattel mortgagor. The action has been submitted to the court upon stipulated facts. Briefly stated, it appears that plaintiff sold the differ, equipment and contents to one Schmidt for the sum of $11,000; Schmidt executed and delivered to plaintiff a chattel mortgage in that amount covering said personalty. The chattel mortgage was duly filed on April 14 and 15, 1959. The diner was located on land owned by the defendant Walfred Corporation and leased to Schmidt. Schmidt defaulted in his payments provided in the chattel mortgage. The United States of America filed Federal tax liens against Schmidt. Renewals of the chattel mortgage were filed on February 5, 1962. The United States seized the diner and contents on June 3,1963 and gave notice of sal'e on June 18, 1963. Plaintiff gave notice of sale of the diner and contents pursuant to its chattel mortgage on June 7, 1963; plaintiff was the successful bidder at such sale on June 14, 1963. The plaintiff advised the bidders at the Federal tax lien sale on June 18,1963, of its mortgage and th’e foreclosure thereof. The defendant, Walfred Corporation, was the successful bidder at the Federal tax lien sale for the sum of $1,190. The defendant *35 thereafter leased the diner and contents to defendant Gendron. Subsequently, in 1968, the defendant Walfred Corporation sold the land and the diner and its contents to third parties. Plaintiff had commenced this action on or about January 22, 1964.
The Lien Law provides that a chattel mortgage shall contain a description of the goods, wares or merchandise sold. The description of the chattels may not have been as exact as it might have been, but in the opinion of the court it is sufficient to identify the articles mortgaged, in view of the nature of the business operation.
The chattel mortgage was originally filed on April 14 and 15, 1959. The notice of renewal of the chattel mortgage was filed on February 5, 1962. Section 235 of the Lien Law, as it provided at the time, declared invalid, as against creditors of the mortgagors and against subsequent purchasers and mortgagors in good faith, a chattel mortgage, a notice of which is not filed within 30 days next preceding the expiration of the term for which the prior filing had been effective. Judicial interpretation of this provision holds that a refiling of a chattel mortgage before the commencement of the thirty-day period is just as nugatory as one after the expiration of that time. (Newell v. Warner, 44 Barb. 258, revd. on other grounds 44 N. Y. 244; Industrial Loan Assn. v. Saul, 34 Misc. 188.) Accordingly, it must be held that the purported refiling of the chattel herein was a nullity insofar as the rights of creditors of the mortgagor and subsequent purchasers and mortgagees in good faith.
Defendant Walfred’s source of title is the Federal tax lien sale. In determining the validity of that sale, the first question Avhich must be resolved is the status of the United States Avith respect to the mortgagor herein. It appears uncontroverted that the United States has the status of a creditor within the meaning of section 235 of the Lien Law. (Underwood v. United States, 37 F. Supp. 824, affd. 118 F. 2d 760; Hartman v. Lauchli, 238 F. 2d 881.) As such creditors, i't is entitled to the protection afforded by section 235 of the Lien Law. HoAvever, “ the relative priority of the lien of the United States for unpaid taxes is ™ * * always a federal question to be determined finally by federal courts. The state’s characterization of its liens, Avhile good for all state purposes, does not necessarily bind this Court.” (United States v. Acri, 348 U. S. 211, 213.)
This protection afforded to the mortgagee by section 6323 of the Internal Revenue Code (U. S. Code, tit. 26, § 6323) appears determinative of the issue herein. Although there is a conflict among the authorities in the Federal courts (see Allan v. Diamond T Motor Car Co., 291 F. 2d 115), it is the opinion of *36 the court that a more equitable result requires judgment in favor of the plaintiff. The lien of the chattel mortgage was a perfected and choate lien upon its filing. It remained so as between the mortgagor and the mortgagee, insofar as the interest of the United States was concerned, despite the failure of the mortgagee to properly renew its filing. It is the position of the Federal Government not to subordinate property rights to its lien on technical grounds. In its notice of sale, the United States sold 44 only the right, title and interest ’ ’ of the tax debtor-mortgagor 44 in and to the property.” The lien of the plaintiff is entitled to priority (Gauvey v. United States, 291 F. 2d 42).
The court would be constrained to sign an order of replevin if defendant Walfred had not sold the subject personalty to innocent purchasers in good faith. Such purchasers should not be disturbed in their present enjoyment of the property. However, the court is not without equitable power to return the parties to as near a position of balanced rights as the facts permit. It is, therefore, the decision of the court that the plaintiff is entitled, in lieu of replevin, to a judgment in an amount of money equal to the sale price received by defendant Walfred in 1968, less the $1,190 Walfred paid for the personalty and any other costs incurred in perfecting the sale to the third parties.