**BAIRD & DANIELS CO., Inc., et al. v. VICTORY SPARKLER & SPECIALTY CO.**

(District Court, E. D. New York. March 17, 1924.)

1. **Pleading** ⬤⇒345(1)—Grant of judgment on pleadings warranted, where no material questions of fact raised.

Civil Practice Act N. Y. § 476, warrants granting of judgment, where the pleadings or the admissions of a party raise no question of fact that is material and necessary to be decided by jury, either as to cause of action or defense.

2. **Pleading** ⬤⇒345(2)—Issues of fact, preventing judgment, held not raised by denials, in view of admissions.

Question of fact, preventing judgment on pleadings in action on written contract, *held* not raised, either by denial thereof, in view of admission showing that only plaintiff's construction thereof was questioned, a question for the court, or by denial that plaintiff duly performed all the conditions of the contract on its part to be performed; the contract not showing anything to be done by plaintiff that is not admitted to have been done.

At Law. Action by the Baird & Daniels Company, Incorporated, and another against the Victory Sparkler & Specialty Company. On plaintiffs' motion for judgment. Decision for plaintiffs.

See, also, 6 F.(2d) 29.

Merrill, Rogers, Gifford & Woody, of New York City, for plaintiffs.

McManus, Ernst & Ernst, of New York City, for defendant.

INCH, District Judge. [1] This is a motion by plaintiff for judgment on the pleadings, which consist of a complaint and answer, pursuant to section 476 of the Civil Practice Act of the state of New York. This section warrants granting of judgment where the pleadings or the admissions of a party raise no question of fact that is material and necessary to be decided by a jury, either as to the cause of action or the defense.

[2] I fail to find any question of fact presented by the pleadings. The cause of action is based on a written contract between the parties. Defendant's qualified denial thereof must be read in the light of its admission, in its verified answer, that the contract between the parties is the contract sued on by plaintiff. Therefore giving the utmost effect to such a denial all that is indicated is that the defendant denies the construction of the contract claimed by plaintiff, and in its defense sets forth its own construction, by which it claims only $1,540 is due plaintiff. The construction of a written contract conceded to exist by both parties is primarily a question for the court.

The only other denial that need be mentioned is the denial by the defendant that plaintiff duly performed all the conditions of such contract on its part to be performed. I fail to see how this raises any question of fact, for the reason that the written contract between the parties does not disclose anything to be done by plaintiff that is not admitted. Civil Practice Rule of the State of of New York, No. 92, permits this form of pleading by plaintiff, and there must appear, in some slight way, at least, that such a denial thereof raises a question of fact.

The damages sought here are plainly set out in the written contract, and are neither unliquidated nor uncertain. "If an action is on a contract where damages are liquidated and certain, and no defense is set up in

[1] Opinion not available, but see Table of Cases in subsequent volumes.

the answer, then doubtless such a motion would prevail, and the court would enter judgment for the amount due, as disclosed by the petition." Shattuc v. McArthur et al. (C. C.) 25 F. 133, at page 134.

In the case of Mutual Life Ins. Co. v. Dingley, 100 F. 408, at page 410, 40 C. C. A. 459, 461 (49 L. R. A. 132), the court, referring to a slightly similar attempt to raise an issue by such a denial, says: "Whether this general denial, standing by itself, and unaided by the further averments of the answer, would be sufficient to put in issue the allegation of the complaint, it is unnecessary to decide. It was coupled with a specific averment of the particulars wherein the insurance company claimed that the insured had failed to perform the terms of the contract. When the defendant in an action thus makes specific the items wherein he contends that the plaintiff has failed to perform, he must in his proof be held to the particular matter so pleaded, and will not be permitted to avail himself of a general denial for the purpose of proving that the plaintiff has failed in some other particular not named."

Of course this quotation is not mentioned to indicate a motion similar to the present one, although it might be said that there is some similarity in defendant here admitting the contract and then stating its sole reason apparently for claiming that plaintiff is not entitled to recover more than $1,540, which had been previously paid plaintiff. It is mentioned for the reason that it indicates that it and other cases, both in the federal and state courts, do not seem to consider the mere words sufficient, but, on the contrary, require that there must appear in some slight way, at least, that a question of fact is raised by it, and that on such a motion as this both pleadings are to be carefully examined.

I have no doubt but that defendant's denials, although qualified with the admission that it had entered into a contract, might be considered sufficient, if an issue of fact, though slight, appeared; but when the admission in the rest of the answer is considered, as justified by the Civil Practice Act referred to, the sole issue is simply as to the construction of the contract, and while a denial of the performance by plaintiff of the contract might in some cases raise an issue, yet where the contract itself fails to show that plaintiff had to do anything more than is admitted by defendant in order to recover, the mere denial is insufficient to raise an issue.

In construing the contract I find no question of fact raised as to its performance or construction, as defendant apparently is sued by plaintiff for the stipulated royalty due on articles manufactured and shipped, and set forth in schedule D of the complaint, which is a statement taken from the defendant's books, and which defendant in its answer also used as a statement of all that it did under the contract. There is, therefore, no question of fact as to the damages, and the whole matter depends on the construction of the contract by the court.

It seems to me plain that defendant agreed to pay at least $7,500 for the first year, that there is no liability for more than that sum for that period, as it did not sell or ship more than half the stipulated amount of 5,000 gross during the entire life of the contract, extending from September 1, 1921, to December, 1923; that for the second year, under such conditions, it agreed to pay the minimum royalty of $1.50 per gross on double the number of gross actually shipped during the first year. Therefore plaintiff is entitled to judgment for the minimum royalty of toy pistols manufactured and shipped during the first year, and to such additional amount as became due during the second year, as expressed in the contract up to the commencement of the action, less the amount paid.

Settle order on notice.