### CARTER *v.* CITY OF NEW ORLEANS.[1]

*(Circuit Court, E. D. Louisiana.   February, 1884.)*

1. INTERVENTIONS IN EQUITY CASES.
   Third persons may be permitted to intervene for their rights in equity cases, if those rights are to be affected, and if at the hearing the court would be compelled to notice their absence, and order the case to stand over until they were brought in, or their rights were protected.   1 Daniell, Ch. 287, note 2;  Story, Eq. Pl. § 220.
2. INJUNCTION—TRUST FUND.
   A creditor of a trust fund is not entitled to an absolute injunction restraining the trustee from paying over any part of the fund, absolutely, but only from making any payment until the complaining creditor is paid.

On Motion of Intervenors to Quash Injunction, and on motion of complainant to strike out the interventions.

*Thomas J. Semmes, J. C. Payne,* and *Charles Carroll,* for complainant.

*Joseph P. Hornor* and *Francis W. Baker,* for intervenors.

*Charles F. Buck,* City Atty., for defendant.

PARDEE, J.   This is a suit by a creditor to secure payment from an alleged trust fund, in preference to other creditors, over whom priority is claimed.   The fund is not enough to pay all the claims. The intervenors are some of the other creditors, over whom priority is claimed.   If their rights are to be affected they are necessary parties.   At the hearing, if their rights would be lost by a decree, the court would be compelled to notice their absence, and order the case to stand over until they were brought in, or their rights were protected.   1 Daniell, Ch. 287, note 2; Story, Eq. Pl. § 220.   As they are here of their own motion, and as no decree can be rendered without them, and as the court can compel the complainant to bring them in, I see no impropriety in permitting the interventions to remain. The motion to strike off the interventions is therefore denied.

The injunction *pendente* is warranted by the allegations of the bill, but it apparently goes further than is necessary to protect complain-

---

[1] Reported by Joseph P. Hornor, Esq , of the New Orleans bar.

ant's rights. If he is paid in full, his interest ceases, and he cannot complain. The injunction will, therefore, be modified so as only to restrain the defendants from paying other claims out of the fund in question until the complainant is paid the amount of his demands, and this modification will be effected by inserting in the injunction, as set forth in the transcript, page 36, in the tenth line from the bottom, after the word "until," and before the word "ordinances," the words "the demands of the complainant arising under."

Solicitor for defendant will see that the proper order is taken.