## FARMERS' LOAN & TRUST CO. v. NORTHERN PAC. R. CO.

(Circuit Court, S. D. New York. October 31, 1895.)

RAILROAD MORTGAGE FORECLOSURES—SAME TRUSTEE UNDER DIFFERENT MORTGAGES—BONDHOLDERS AS PARTIES.

In a suit by a trust company which is trustee under several necessarily conflicting mortgages upon the railroad and its various branches, such trustee is not in a position to fairly represent both sides of the resulting controversies; and the court will therefore permit representatives of the bondholders under the different mortgages to be made parties, to the end that each set of bondholders may be represented by some one whose single object is to secure all to which they are entitled, unhampered by any obligation to opposing parties. Farmers' Loan & Trust Co. v. Northern Pac. R. Co., 66 Fed. 169, followed. Clyde v. Railroad Co., 55 Fed. 445, disapproved.

This was a foreclosure suit by the Farmers' Loan & Trust Company against the Northern Pacific Railroad Company. The original suit was commenced in the circuit court for the Eastern district of Wisconsin, in the Seventh judicial circuit, and auxiliary suits were filed in various other districts, including the present suit the Southern district of New York, where the principal office of the railroad company was situated. The case has been heard upon the application of certain parties representing bondholders under the second and third mortgages to be made parties to the suit.

Herbert B. Turner, for Farmers' Loan & Trust Co.

Michael H. Cardozo, for second mortgage bondholders.

Root & Clarke, for third mortgage bondholders.

LACOMBE, Circuit Judge. The application of Johnston Livingston and others, second mortgage bondholders, and of C. B. Van Nostrand and others, third mortgage bondholders, to be made parties, was granted in the Seventh circuit, and in the propriety of such action this court concurs. The trust company is trustee under different mortgages of the same railroad, or of parts thereof. These several mortgages are necessarily conflicting, and it is manifestly impossible for the trustee to fairly represent both sides in the resulting controversies, except by assuming such a position of neutrality as would seriously affect the force with which such conflicting interests are to be presented for the consideration of the court. Under such circumstances it would seem appropriate to substitute new trustees under all the conflicting mortgages but one. This, however, has not been done in the circuits where the property lies, and will not, therefore, be done here, the admission of representatives of these bondholders being probably sufficient to accomplish the object desired. The provisions in the respective mortgages referred to on the argu-

ment may be sufficient to prevent the displacement of the trustee by a minority against the wishes of the majority, where there is no bad faith or collusion, and to prevent interference with the trustee's discretion as to the conduct of the case, when his action meets with the approval of a majority of the bondholders, merely because some small minority of them may entertain a different opinion. But such provisions should not be availed of to leave the whole body of bondholders under some one mortgage unrepresented before the court, except by a party who is bound in conscience to be the loyal and vigorous champion of another and conflicting mortgage. A different view commended itself to the court in the Fourth circuit (Clyde v. Railroad Co., 55 Fed. 445), but it would seem that public policy should require that, where controversies are brought into court, each party shall be represented by some one whose single object it is to secure all to which such party is entitled, and who is unhampered by personal obligations to an adversary party. The practice, quite common in railroad financiering, of making the same person trustee under a succession of mortgages, each covering the whole or· some part of the property, is no doubt a convenient one, and, when disaster overtakes the road, it may facilitate the effort to reorganize by making it easier to constrain the various conflicting interests to make concessions to each other; but, from the point of view of a court which is called upon to adjudicate between such conflicting interests, such practice is unsatisfactory, and, unless corrected by substitution or otherwise after suit brought, may tend to induce judicial error, and may lead to great injustice. The petitions are granted.