FARMERS' LOAN & TRUST CO. v. CAPE FEAR & Y. V. RY. CO. et al.

LASH v. FARMERS' LOAN & TRUST CO. et al. Ex parte LOW et al.

(Circuit Court, E. D. North Carolina. December 20, 1895.)

FORECLOSURE PROCEEDINGS—INTERVENTION BY BONDHOLDERS' COMMITTEE.

When, in the course of a proceeding to foreclose a railroad mortgage, it develops that differences of opinion existed between committees representing different bondholders, so that probably no order for sale can be made which will command the consent of the parties in interest, it is proper to allow such committees to be made parties.

Suits by the Farmers' Loan & Trust Company against the Cape Fear & Yadkin Valley Railway Company, the Mercantile Trust & Deposit Company of Baltimore, John W. Fries, as receiver of the North State Improvement Company, and William A. Lash, as trustee, and by William A. Lash against the Farmers' Loan & Trust Company, trustee, the Cape Fear & Yadkin Valley Railway Company, and John Gill, as receiver of such company. Heard on an ex parte petition by C. Adolph Low, George F. Baker, and William E. Strong, committee, asking leave to intervene.

Seward, Guthrie, Marowetz & Steel, for interveners.

Turner, McClure & Rolston, for Farmers' Loan & Trust Co.

Charles Price, for Cape Fear & Y. V. Ry. Co.

Cowen, Cross & Bond, for receiver and Mercantile Trust & Deposit Co.

SIMONTON, Circuit Judge. This is a petition praying leave to intervene and be made parties defendant to the main cause. The Cape Fear & Yadkin Valley Railway has a line having its termini at Wilmington, N. C., and Mt. Airy, in the same state. The road has three divisions, known as "A," "B," and "C." Bonds were issued upon each division. The bonds secured by Division A are known as the "A Bonds," those secured by Division B as "B Bonds," and so with bonds secured by Division C, as "C Bonds." Each class of bonds has the first lien on its own division. The mortgage was executed to the Farmers' Loan & Trust Company, securing all of these bonds, but distinguishing them so that the extent of the prior lien of each class of bonds on its own division was expressed and declared. Default having been made, the complainant, as trustee of all the bonds of every class, filed its bill for foreclosure of the mortgage and the appointment of a receiver. To this bill the railroad company was made a party defendant, with other parties. But all the bondholders were represented by their trustee. A receiver was appointed. Creditors were called in, and all the bonds have been presented to and proved before the special master thereto named. The special master has made his report as to all existing claims, and the cause is nearly, if not quite, ripe for a final decree. Looking to that contingency, the bondholders have been in consultation, and are now endeavoring to agree upon a plan of reorganization. To that end a committee was formed, called hereafter the "Baltimore Committee," of which Messrs. Blackford, Perot, Tompkins, Redwood, Gordon, and Riddendorf are the members. They have formulated

and have presented a plan of reorganization, for the consideration of the bondholders. The petitioners are another committee, representing holders of A bonds, hereafter called the "New York Committee." Some of these had answered the invitation of the Baltimore committee, but others had not. Those of them who had answered the invitation of the Baltimore committee now withdraw therefrom. It seems that differences of opinion exist between the bondholders represented by the New York committee and those represented by the Baltimore committee as to the rights of A bondholders, and the concessions to be made to the other classes of bonds. So that in all probability no order for sale of the property and distribution of the proceeds will be submitted which will command the consent of all parties in interest, and the settlement of the terms of such order and distribution will devolve on the court. In view of this, this petition is filed. The contention is that the course of proceeding has developed a difference of opinion and of interest among bondholders, all of whom are represented by the same trustee; that in this event the trustee, who owes equal duties to all, cannot vindicate or espouse the claim of one class of bonds against the other. But it must maintain a neutral attitude. Under these circumstances, each class of bondholders deprived of that protection which naturally would be given by the trustee must protect its own interest itself.

There can be no doubt that as a general rule the trustee of a railroad mortgage represents all the bondholders, and that his acts bind them, if done in good faith. Richter v. Jerome, 123 U. S. 246, 8 Sup. Ct. 106, and cases there cited. And, when differences of opinion exist between the bondholders, "it is not improper that he should be governed by the voice of the majority, acting in good faith and without collusion, if what they ask is not inconsistent with the provisions of the trust." Bank v. Shedd, 121 U. S., at page 86, 7 Sup. Ct. 807. But this decision of the trustee is not final. It is reviewable by the court, and in such review the objecting bondholders have the right to be heard on their own behalf. This follows as a corollary. In the case just quoted, bondholders in person were allowed to intervene and to become parties. In Williams v. Morgan, 111 U. S. 684, 4 Sup. Ct. 638, two bondholders in the foreclosure of a railroad mortgage were allowed to come in and state their own objections to the course of the trustees, and to the distribution of proceeds of sale. In that case Mr. Justice Bradley says:

"We think the position of Williams and Thomson made them quasi parties in the case, and brought them within the reason of the former cases decided by this court, in which persons incidentally interested in some branch of a cause have been allowed to intervene for the purpose of protecting their interest, and even to come into this court, or to be brought here on appeal."

The principle is that when, for any reason, the trustee cannot fully represent the bondholder, he can himself be heard on his own behalf. Having proved his bonds, he is already a quasi party; that is to say, with a voice in the cause, although not on the record. When he shows a cause of complaint, he has the right to be put in the record, so that complete relief can be given for or against him. In the pres-

ent case the trustee desires that the petitioners be permitted to represent their bondholders. The discussion at the bar has developed a great difference of opinion between these bondholders and those in their class represented by the Baltimore committee, as well as the bondholders of Classes B and C. As the avowed purpose of the Baltimore committee is to present a plan for sale and reorganization, and as the New York committee differ from them, the court cannot reach a conclusion without hearing both sides. As the conclusion to be reached is subject to review in the appellate court, the final result cannot be reached unless the petitioners are recognized on the record. But both committees must be put on the same footing. It appearing that nearly all the steps pertaining to a final order have been taken, such orders as may be taken in this cause will probably look to this end. It is ordered that the petitioners and the Baltimore committee, also, be recognized as parties to this cause, entitled to be heard therein. And that notices of all motions, except such as relate purely to the administration of the property by the receiver be served upon counsel of each one of the committees, to be designated by them, respectively.