GRAND TRUNK RY. CO. v. CENTRAL VERMONT R. CO. (AMERICAN LOAN & TRUST CO., Intervener).

(Circuit Court, D. Vermont. February 12, 1898.)

1. EQUITY—RAILROAD RECEIVERSHIPS—RIGHTS OF INTERVENERS.
    A railroad mortgagee, who comes into the cause after a receiver has been appointed, with the company's consent, on a bill by another creditor, is not in a position to raise the objection that the plaintiff, not being a judgment creditor, had no right to follow the assets of the defendant in equity.

2. EQUITY JURISDICTION—REMEDY AT LAW.
    A lien on the gross earnings of a railroad cannot be adequately enforced at law, and a bill in equity will lie.

This was a bill in equity by the Grand Trunk Railway Company against the Central Vermont Railroad Company. The cause was heard upon a demurrer filed by the American Loan & Trust Company, intervener, to the bill of complaint.

Charles M. Wilds, for plaintiff.
Moorfield Storey, for demurrant.

WHEELER, District Judge. The bill alleges liabilities of the defendant to the plaintiff, some secured by pledge of gross earnings, some by mortgage bonds, some by traffic balances, and some not at all; also, other liabilities of the defendant, secured by mortgages and otherwise; and the situation of the defendant's road and property, with reference to its duties as a common carrier, its insolvency, and liability to multiplicity of suits, embarrassment, disintegration, and loss to its security holders, if permitted to go on; and praying the appointment of a receiver, the marshaling of assets, and for further relief. On appearance and consent, yielded by the defendant, receivers were appointed and took possession; and the American Loan & Trust Company, one of the mortgagees mentioned in the bill, afterwards, by leave of court, intervened as a defendant, and filed a demurrer to the bill for want of equity, which has now been heard. The principal objection urged to the bill is that the plaintiff is not a judgment creditor, and is without right to follow the assets of the defendant in equity in this court, where the division between remedies at law and in equity is strict. If this would have been true at the outset, it would only have been so as to the defendant then in court, which only had the right to insist upon a trial at law of its liabilities to the plaintiff, and might waive it, and did. The demurrant came into the cause as it stood with that right waived. Nothing is claimed of it, or by it, that is triable by jury. The lien upon gross earnings set up could not be enforced with adequacy at law, and the situation set forth is like that which is said by Mr. Chief

Justice Fuller, for the court, in Railroad Co. v. Humphreys, 145 U. S. 82, 12 Sup. Ct. 787, to be sufficient for a bill by the insolvent corporation for a receiver, and the marshaling of assets. If the corporation, as plaintiff, could maintain such a bill against its creditors, for distribution of its assets among them, no good reason is now here apparent why a substantial creditor could not maintain a like bill, in behalf of itself and other creditors, against the corporation, for the same purpose; and more clearly, if it could maintain such a bill, it could consent to the same relief upon a bill against it. Its position as plaintiff or defendant would not, in equity procedure, be material. The demurrant, as an intervener, does not seem to stand in a position of embarrassment by this form of procedure, or of having any just cause to object to it. Demurrer overruled.