PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

Appeal of KOHN et al.

(Circuit Court, S. D. New York. January 7, 1908.)

STREET RAILROADS—CREDITORS' SUITS—INTERVENTION BY STOCKHOLDERS.

In such a suit it is not the practice to permit individual stockholders in the various corporations interested to intervene, but such permission will usually be granted to a group relatively large in numbers and holdings and which offers to take in all others having like interests.

See 158 Fed. 460.

Henry Wollman, for petitioner Kohn.
Byrne & Cutcheon, for complainant.
James L. Quackenbush, for defendant New York City Ry. Co.
J. Parker Kirlin, for defendant Metropolitan St. Ry. Co.
Arthur H. Masten, for receivers.

LACOMBE, Circuit Judge. The first petitioner applied to be allowed to intervene November 25, 1907. He holds 500 shares of Metropolitan Street Railway stock. The second petitioner made a similar application December 2, 1907. It holds in trust 7,800 shares of Metropolitan Street Railway stock. The third petitioner made a similar application December 13, 1907. It is a group of more than 10 stockholders of the same company whose holdings aggregate upwards

of 10,000 shares, and who have formed themselves into a stockholders' protective committee to represent the interests of themselves and others similarly situated and are advertising for others to join with them. Upon the argument of the three applications the Fidelity Trust Company stated that it had joined such committee. Besides these applications to intervene the first-named petitioner asks that separate receivers be appointed for the Metropolitan Street Railway Company on the ground that the interests of that company and of the New York City Railway Company are independent and opposing. In the memorandum which was filed October 1, 1907, it was stated that the interests of lessor and lessee are different and diverse, but the opinion was expressed that the receivers could, for the present at least, discharge their functions, and it was added that, "should future experience seem to indicate that a separate trustee for one of the parties is required, some way to meet the difficulty will be found."

Nothing has occurred to indicate any necessity for the appointment of separate receivers. The only controversies now presented between lessor and lessee of the property of the Metropolitan Street Railway Company arise out of the lease, and are confined practically to the question, what shall be done with the moneys received from operating the property? Shall any surplus over operating expenses go to lessor or to lessee (or, rather, to their creditors)? Shall any particular expenditure be charged against lessor's or lessee's interest? Inasmuch as the receivers are expending such money only as is required to operate the railroad property as a unitary system and to maintain it in proper condition to render efficient public service, and are not to make any distribution until after liquidation of the claims, these questions do not require an immediate answer. The receivers can perfectly well discharge their functions as operating conservators of the property without the addition of other receivers; and there would be practical difficulties in the way of undertaking to operate the same road at the same time by two different sets of receivers. The application now made is apparently founded on some misapprehension of the nature of this receivership. This seems to be indicated by the reference to Farmers' Loan & Trust Co. v. Northern Pac. R. Co. (C. C.) 70 Fed. 423, when the relation of trustees under successive mortgages was considered, and by the phrase used in argument that these receivers "represent the New York City Railway Company," and therefore should not also represent the Metropolitan Street Railway Company. Strictly speaking they do not represent either corporation. They are receivers appointed under a creditor's bill—and subsequently under a bill to foreclose a mortgage—whose duty it is to conserve the property of the debtors keeping it as a going concern so that its value be not destroyed, marshalling assets and ascertaining claims, so as ultimately to distribute the assets equitably among creditors under direction of the court. The different corporations have their representatives appearing in the suit, and it is the practice here to permit the intervention of committees or representatives of every conflicting interest, creditors—general, preferred, or secured—stockholders, majority and minority, and bondholders. Any one who may thus intervene as representative for some group of persons united in interest has

notice of all steps in the litigation and may himself ask the court at any time to give any particular instructions to receivers. In this way all diverse interests are at all times represented by persons whose personal interest it is to press their claims, and the receivers are left as they should be, free to operate and preserve the property for the ultimate benefit of all. This—and not the appointment of separate receivers—was the course followed by Judge Jenkins in the very case upon which petitioner mainly relies. Farmers' L. & T. Co. v. Northern Pac. R. Co. (C. C.) 66 Fed. 169.

There has been some delay in making application for intervention in this proceeding, the present group being the first to apply on behalf of stockholders of the Metropolitan. It is not the practice in this circuit to allow individual intervention, where there are many persons whose interests are identical. If the man with 500 shares were allowed to intervene, it would be difficult to find any excuse for refusing a like privilege to the man with 300, while certainly his neighbor with 600 would have to be let in, and there would soon be a multitude of counsel all on the same side. Where, however, application is made on behalf of a group relatively large in numbers and holdings, and which offers to take in all others having like interests, the application is usually granted.

The applications, therefore, of Kohn and of the Fidelity Trust Company are denied, and that of the "Waterbury Committee" is granted. Counsel for the first-named petitioner objects to joining this committee on the ground that he does not think it will efficiently represent the interests of stockholders, although no evidence warranting such conclusion is presented. If a group of stockholders shall hereafter appear, relatively large in numbers and amount of holdings, and shall show that the committee now admitted is not efficiently attending to the interests of stockholders, or that its policy and actions in specified particulars are not in accord with the views of a substantial minority of the stockholders, the propriety of admitting a second committee of Metropolitan stockholders will be considered.

It was the expectation of the court not to decide this application until after the disposition of the mandamus proceeding, but so many applications are being constantly made where it is important that the views of different interests should be presented, that it seems wiser to file this memorandum, so that the various committees which are forming and may wish to intervene may make application.