PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. August 24, 1910.)

Nos. 2-9, 2-33, 2-149, 3-37.

STREET RAILROADS (§ 58*)—CREDITORS' SUITS—INTERVENTION BY STOCKHOLDERS.

Where the assets of an insolvent street railroad company are being administered by a court of equity in creditors' suits, and a committee of minority stockholders has been permitted to intervene on behalf of the stockholders represented and all others who may choose to join, to warrant the subsequent granting of leave to intervene to a second committee representing other minority stockholders whose interests are the same, some substantial reason should be shown why they are not, or cannot be, properly and adequately represented by the committee and counsel already in the case.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

In Equity.

Suits by the Pennsylvania Steel Company and another against the New York City Railway Company and others, the Morton Trust Company against the Metropolitan Street Railway Company and others, the Guaranty Trust Company against the Metropolitan Street Railway Company, and the Morton Trust Company against the Metropolitan Street Railway Company and others. On petition for leave to intervene. Petition denied.

Byrne & Cutcheon, for Pennsylvania Steel Co.
Davies, Stone & Auerbach, for Guaranty Trust Co.
James L. Quackenbush, for New York City Ry. Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.
Dexter, Osborn & Fleming, for receivers of New York City Ry. Co.
Bronson Winthrop, for Morton Trust Co.

LACOMBE, Circuit Judge. This is a petition by George L. Degener and four others as a committee under an agreement signed by certain minority stockholders of the Metropolitan Street Railway Company to secure mutual benefits, relief, and protection. The agreement was entered into on December 16, 1907, and has been signed by 40 different holders, owning upwards of 5,000 shares of stock. No prior application to intervene in these suits has been made by these petitioners. It is nowhere stated that the agreement permits other stockholders to come in and unite with the present signers, but it may be assumed that such is the case. The Metropolitan Company opposes the application, but since the interests of individual stockholders are not always the same as those of a corporation, which may be dominated by some majority owner, such opposition is not persuasive. In this case the Interborough-Metropolitan Company owns a large majority of the stock. An affidavit has been filed on behalf of the committee of minority stockholders, known as the "Waterbury Committee," in which it is stated that such committee makes no objection to this petition. All the parties to these four actions have received notice of this application, but no one appears to oppose except the Farmers' Loan & Trust Company. That circumstance, however, is by no means determinative of this motion. The matter of intervention was considered nearly 2½ years ago. At that time application was made by an individual and by two different groups of persons, all stockholders of the Metropolitan Street Railway Company, and all·asking to be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

allowed to intervene in the litigation. In disposing of these applications it was then said:

"It is not the practice in this court to allow individual intervention where there are many persons whose interests are identical. If the man with 500 shares were allowed to intervene, it would be difficult to find an excuse for refusing a like privilege to the man with 300 while his neighbor with 600 would have to be let in, and there would soon be a multitude of counsel all on the same side. Where, however, application is made on behalf of a group, relatively large, in numbers and holdings, and which offers to take in all others having like interests, the application is usually granted." Pennsylvania Steel Company v. New York City Railway, 160 Fed. 222.

Individual application was therefore denied, but a stockholders' protective committee (Waterbury committee) representing at the time nearly 18,000 shares was allowed to intervene, upon its assurance that it would take in all others similarly situated. How many have since joined does not appear, but the majority owner has not. The court further said:

"Counsel for the first-named petitioner objects to joining this committee on the ground that he does not think it will efficiently represent the interests of the stockholders, although no evidence warranting such conclusion is presented. If a group of stockholders shall hereafter appear relatively large in numbers and amount of holdings, and shall show that the committee now admitted is not efficiently attending to the interests of stockholders, or that its policy and action in specified particulars are not in accord with the views of a substantial minority of the stockholders, the propriety of admitting a second committee of Metropolitan stockholders will be considered."

This petition wholly fails to meet the requirements specified in this quotation. It is asserted that the petitioning stockholders have an interest in and claim to the proceeds of the fund recently realized by the receiver of the New York City Railway Company through settlement of two actions against the Metropolitan Securities Company and others "in some respects different from those of the stockholders of the Metropolitan Street Railway Company represented by Waterbury committee." But nowhere is there any statement of what the difference is. The proposition that some stockholders have "interests and claims" different from other stockholders similarly situated is so extraordinary that its mere assertion without giving particulars amounts to nothing. It is stated on information and belief that the Waterbury committee acquiesce in the view that the stockholders are fully represented by the company and its receivers. No proof of this is offered, and, in the absence of proof, the creation and intervention of that committee shows the contrary. So, too, mere vague statements that the policy of the one committee is different from that of the other, without disclosing in what respects they differ conveys no information.

The single fact which is set forth definitely as a ground for granting the relief is the following: When the court heard all the persons interested (whether parties or not) on the question whether or not the receiver of the New York City Railway Company should accept the offer to compromise the two actions above referred to, the petitioning committee appeared by counsel, and asked that all questions relating to the proceeds of the compromise be reserved, and that stockholders of the Metropolitan have an opportunity to be heard as to the disposition of such proceeds. The request was wholly unnecessary,

no question as to disposition of the proceeds was under discussion. no one was asking for any order which would in the slightest degree affect any one's claim or interests, and the order proposed expressly reserved the rights of all parties to the causes, which, of course, included the stockholders, since they have intervened by a committee which offers to take in any one who chooses to come. The word "stockholders" was inserted by the court at request of counsel for petitioners, for the reason that it was harmless, although wholly superfluous. The circumstance that counsel for the Waterbury committee did not on that occasion make a similar unnecessary request cannot be held sufficient proof of such a "different policy" as would require the injection of a second committee of minority stockholders into these litigations.

It is further contended that the Waterbury committee's view of its own position is that it represents only its depositing stockholders, and does not feel called upon to protect the rights of other shareholders. There is nothing to show that such is the "view" of that existing committee of minority stockholders; moreover, their "views," whatever they are, are unimportant. They cannot "protect" their own rights without protecting the rights of other shareholders. When the cause is once in a court of equity, the race of diligence between persons similarly situated ceases. Whatever advantage the action or the arguments of this committee may secure for its depositing stockholders will inure equally to the benefit of all other stockholders similarly situated.

Upon the record now before the court, the petition is denied.