## In re 1030 NORTH DEARBORN BLDG. CORPORATION.

### No. 2439–D.

District Court, E. D. Illinois.
Aug. 4, 1934.

Friedman, Schimberg & Alster and Theodore D. Kahn, all of Chicago, Ill., for creditors.

Pritzker & Pritzker and Chas. B. Haffenberg, all of Chicago, Ill., for interveners.

LINDLEY, District Judge.

This is a petition filed by three creditors under section 77B of the Bankruptcy Act as added by Act June 7, 1934 (11 USCA § 207), against "1030 North Dearborn Building Corporation." The latter had been served with process and has defaulted. The M. Stein Hotel Company, a corporation, now seeks leave to intervene and to file an answer seeking to defeat the original proceeding and to secure dismissal thereof. It avers that by deed of conveyance duly recorded, prior to the institution of these proceedings, it became the owner of the property originally belonging to defendant corporation and mentioned in the original petition.

In addition a bondholders' committee seeks to intervene and to file an answer of similar import, averring that it is a committee with which bondholders have deposited bonds secured by trust deed upon the premises mentioned. A third motion for intervention and for leave to file a similar answer is that of the Chicago Title & Trust Company, a corporation, as trustee under the trust deed securing the bond issue.

Section 77B, subd. (a), of the Bankruptcy Act as added (11 USCA § 207 (a), provides for the filing of a petition such as filed here by three or more creditors. The same subdivision provides that three or more creditors holding securities of $1,000 or more in value in excess of securities held or stockholders aggregating 5 per cent. of the total shares of capital stock shall have the right to appear and controvert the facts alleged to the petition, whereupon the court shall hear and determine the issues. There is no other provision for any other person appearing in defense of the petition.

Subdivision (c) of section 77B (11 USCA § 207 (c) has to do with proceedings after the preliminary hearings upon the validity of the petition, including the appointment of the trustee and all other proceedings in court

thereafter. In this subsection it is provided that any stockholder shall have the right, upon filing a petition to intervene, to be heard upon questions arising in the proceeding, as the court shall determine. It thus appears that so far as the preliminary hearing is concerned, and so far as the relief which may then be granted is concerned, the M. Stein Hotel Company is a complete stranger. It is not a creditor but claims to be the owner of the property. Consequently under the provision of the Bankruptcy Act as amended, it is not a proper party to be allowed to intervene to defend and controvert the propriety of the filing of the original petition, or the court's jurisdiction thereunder.

The trustee under the trust deed does not constitute three creditors who are qualified under subdivision (a) to appear and controvert the allegations of the petition. It is a decree creditor, who is authorized by virtue of the provisions of subdivision (c) to appear and ask the court to protect its interests.

The bondholders' committee is a voluntary committee with which there have been deposited under a deposit agreement a large number of bonds secured by the trust deed. Legal title to the bonds has passed to the committee as trustee for the depositing bondholders together with such special rights as are created by such contract. But this committee does not show that it is qualified within the meaning of the provision of subdivision (a) to appear and controvert the allegations of the original petition. It does not show that it is the owner of securities worth more than $1,000 in excess of the values of securities held by them.

█ I have discussed the provision of the Bankruptcy Act with regard to intervention. In the absence of other provisions, I assume that the practice should be largely as it is in equity. Such is the general rule. Equity Rule 37 (28 USCA § 723) is as follows: "Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding. * * * The interest must be a legal interest which will or may be affected by the decree."

█ The latter qualification, that the intervention shall be in subordination to and in recognition of the proceedings, is in accord with the practice as it had been previously established in federal courts. Thus in Central Trust Co. v. McGeorge, 151 U. S. 129, 14 S. Ct. 286, 288, 38 L. Ed. 98. The court said: "It is scarcely necessary to say that, as the

defendant company had submitted itself to the jurisdiction of the court, such voluntary action could not be overruled at the instance of stockholders and creditors not parties to the suit as brought, but who were permitted to become such by an intervening petition."

This has been followed in numerous cases. Citizens' Bank & Trust Co. v. Union Mining & Gold Co. (C. C. A.) 106 F. 97; Horn v. Pere Marquette R. Co. et al. (C. C.) 151 F. 626 (Opinion Judge Lurton, Justice of Supreme Court); Grand Trunk R. Co. v. Central Vermont R. Co. (C. C.) 85 F. 87. In Cauffiel v. Lawrence (D. C.) 256 F. 714, Judge Sanford, afterwards Justice of the Supreme Court, announced that intervention could not be permitted for the purpose of contesting claimant's ownership of the cause of action mentioned in the bill. In Hopkins v. Lancaster (D. C.) 254 F. 190, 193, the court approved the doctrine announced by the Supreme Court of Alabama in Curtis v. Curtis, 180 Ala. 64, 60 So. 167, as follows: " 'Our own court has recognized the right of intervention, but held that a stranger could not intervene for the purpose of defeating the entire suit, nor for the purpose of litigating with the complainant his right or title to any relief; also that, if it is desired to set up a new and independent claim, it must be done by an original bill in the nature of a cross-bill. Renfro Bros. v. Goetter, Weil & Co., 78 Ala. 311, 313–315.' Ex parte Gray, 157 Ala. 358, 47 So. 286, 288, 131 Am. St. Rep. 62."

On the other hand, it is in accord with well-recognized equity practice that any party in interest, that is, any party having a valuable interest in the subject-matter of litigation, may, in subordination to and in recognition of the original proceeding, be allowed to intervene for the protection of such interest. Examples of such approved intervention are Rhinehart v. Victor Talking Mach. Co. (D. C.) 261 F. 646; Fidelity Trust & Safety-Vault Co. v. Mobile St. R. Co. (C. C.) 53 F. 850; Williams v. Morgan, 111 U. S. 684, 4 S. Ct. 638, 28 L. Ed. 559; Carter v. City of New Orleans (C. C.) 19 F. 659; Farmers' L. & Tr. Co. v. Missouri, I. & N. R. Co. (C. C.) 21 F. 264; Central Trust Co. v. Washington County (C. C.) 124 F. 813; Farmers' L. & Tr. Co. v. Northern Pac. R. Co. (C. C.) 66 F. 169.

Bondholders have the right to delegate to a committee their individual rights to take part or intervene in litigation. Farmers' L. & T. Co. v. Cape Fear & Y. V. R. Co. (C. C.) 71 F. 38; Toler v. East Tenn., V. & G. R. Co. (C. C.) 67 F. 168; Pennsylvania Steel Co. v. New York City R. Co. (C. C.) 181 F. 285. Where the interests of such committee are adverse to that of bondholders who have not deposited, such bondholders are commonly allowed to intervene. Lisman v. Knickerbocker Trust Co. (C. C. A.) 211 F. 413.

Accordingly, giving consideration to the provisions of the Bankruptcy Act aforesaid and applying the rules governing equity procedure, which, in the absence of statutory directions, control in bankruptcy, I am of the opinion that the applicants for intervention may not properly be admitted for the purpose of contesting the jurisdiction of the court or for the purpose of defeating the petition, but that they may be admitted upon proper petitions for intervention in subordination to and in recognition of the original proceeding for the purpose of presenting by bill of intervention or other appropriate pleadings their respective rights and interests in any property involved in this litigation.

Accordingly, the respective applicants for leave to file answer for the purpose of defeating the original petition will be denied and exception allowed.

This memorandum, however, is not an approval of the petition. It is the court's duty to determine whether or not the same has been filed in good faith and no evidence has as yet been submitted upon that question.