## GREENBAUM v. LEHRENKRAUSS CORPORATION.

### No. 7132.

District Court, E. D. New York.

Feb. 6, 1935.

See, also, 5 F. Supp. 1018.

Geis, Forman & Schulze and James B. Emerick, all of Brooklyn, N. Y., for reorganization committee.

Strongin & Hertz, of Brooklyn, N. Y., and David B. Tolins, of New York City, for receivers in equity of Lehrenkrauss Corporation.

BYERS, District Judge.

This is a motion for leave to intervene, made by the "Reorganization Committee of Lehrenkrauss Corporation," consisting of five individuals holding powers of attorney from preferred stockholders of the defendant and many of that class who have sought to rescind their several purchases of the preferred stock in the hope of thereby becoming creditors.

Holders of 10,700 of a total outstanding issue of 16,123 shares of preferred stock are said to have executed powers of attorney to this committee; and the petition recites that the committee is supported by attorneys representing other claimants and

preferred stockholders to whom were issued 1,500 shares.

The pending cause was initiated by non-resident creditors who sought the aid of this court to preserve the assets of the corporation, and to cause the same to be administered in an equity receivership, the object of which was to prevent the waste of assets. The receivers were appointed on December 7, 1933, and have been active and industrious in the performance of their duties.

During the process of the administration several applications made by the receivers have been heard in open court on notice to the reorganization committee, and the attorneys for the latter have appeared in all such matters and given the court the benefit of their advice.

A petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207) was filed June 11, 1934, and thereafter a supplemental petition was also filed, and the latter was brought on for hearing in open court on February 5, 1934, and that petition was filed by the said reorganization committee.

This petition recites that the latter committee desires to intervene in this proceeding as parties complainant for these reasons:

To have a proper and due legal standing in this receivership proceeding, and to receive notice of any major applications that may be made "affecting its rights."

In furtherance of the cooperation hitherto had between this committee and the receivers in working out the various problems "for the protection and enhancement of the interests of all claimants and stockholders."

Further, that "such intervention will be conducive to greater coordination of the efforts of this Committee and the sympathetic cooperation of the Receivers toward reorganization under a feasible plan, under 77B or otherwise."

Again: "That even in the event of an ultimate liquidation in this proceeding, such intervention, the petitioners are informed and believe, will be conducive to a smooth, orderly and efficient administration of the assets."

Intervention is regulated by Equity Rule 37 (28 USCA § 723), and a general observation concerning the appropriate circumstances under which it may be granted appears, for instance, in the case of Guaranty Trust Co. of New York v. Minneapolis & St. L. R. Co. (C. C. A.) 52 F.(2d) 418, at page 422, where it is said: "The right to

intervene must be exercised in subordination to and in recognition of the propriety of the main proceeding. It is a matter of right only where the petitioner, not being already fairly represented, is asserting a right which would be lost or substantially affected if intervention were denied." ·

The subject is discussed in many cases, among which may be cited: Pennsylvania Steel Co. v. New York City Ry. Co. (C. C.) 181 F. 285; Whittaker v. Brictson Mfg. Co. (C. C. A.) 43 F.(2d) 485; Acme White Lead & Color Works v. Republic Motor Truck Co., Inc. (D. C.) 284 F. 580, 581.

In the last, the following appears in the opinion: "Where, however, as in the present case, it does not appear that the petitioner has a real, legal interest in the subject-matter of the suit, nor that the receiver of this court, which is in possession of all of the property of the corporation involved, is improperly administering it, nor that petitioner, if claiming rights as a stockholder in said corporation, has unsuccessfully tried to obtain from the corporate officers and directors such relief as he desires, as required by Equity Rule 27 [28 USCA § 723], nor that it is necessary for him to intervene in this suit in order to secure the relief to which he is entitled, his petition for leave to so intervene should be denied."

There is nothing stated in the petition now before the court which tends to indicate that this reorganization committee represents any rights or interests which have been neglected, subordinated or disregarded in the administration of the defendant's affairs by the receivers. In other words, no affirmative reason is shown for admitting this reorganization committee as a party complainant to the action. It must be borne in mind that the receivers represent the stockholders as well as creditors. Graselli Chemical Co. v. Ætna Explosives Co. (C. C. A.) 252 F. 456, at page 460.

On the argument of this motion, counsel for the committee quite frankly stated that one of the practical reasons for presenting the petition was to give them a standing which would entitle them to apply for an allowance in this cause.

Intervention seems not to have been devised as a means to that end. If counsel have rendered services which have tended to conserve the assets administered by the receivers, or otherwise to benefit the trust estate, their future application for an allowance may be considered by the court upon the merits.

There is another difficulty which may have been overlooked in the filing of this application; namely, some of the preferred stockholders wish to rescind their purchase of preferred stock, and if possible assume the status of creditors. If they succeed in that effort, their rights to participate in the corporate assets will be prior to and in derogation of the rights of such stockholders as may not be so fortunate as to rid themselves of one guise and assume the other. If that result should follow, the reorganization committee would be representing two groups of persons, having separate and legally opposed rights, which might well result in the formation of separate committees.

This application will be denied for the reason that no affirmative showing has been made which would justify the court in granting it.

**Settle order on notice.**