## Petition for RETURN OF UNUSED FEES OF REFEREES AND TRUSTEES ON DEPOSIT WITH UNITED STATES TREASURY.

District Court, N. D. California, S. D.

Sept. 26, 1935.

Chas. C. Boynton, of San Francisco, Cal., for petitioners.

ST. SURE, District Judge.

H. J. Peters of Dallas county, Tex., as agent for certain attorneys who deposited the sum of $30 for fees in each of fifteen involuntary bankruptcy proceedings, has applied for the return of the unused portion of said fees.

The law provides that of the $30 deposited, the clerk receives $10 for filing fee; the referee receives $15; and the trustee, $5. As no further proceedings were had after filing, $20 of the fees deposited was unused. The petition alleges "that immediately following the filing of each of said cases the same was abandoned by all of the parties interested." When five or more years had passed without any further ac-

tion having been taken, this court ordered the clerk to close the cases and to deposit the unused fees in the registry of the court. Five years thereafter the clerk deposited the money thus accumulated in the registry with the Treasurer of the United States, as required by section 852 of 28 USCA.

No provision is made in the Bankruptcy Act (11 USCA) for the return of unused fees. In cases where no further action is taken, it is the custom of the clerk to notify attorneys that they may receive the unused fees by having the cases dismissed, and where there have been dismissals, unused fees have been returned. None of the cases here has been dismissed; none can now be dismissed because the addresses of the creditors are unknown, and the statute requires that "a voluntary or involuntary petition shall not be dismissed by the petitioner or petitioners * * * until after notice to the creditors." Section 59g of the Bankruptcy Act, 11 USCA § 95 (g).

Such cases have cluttered the court's records for upwards of ten years. The trend of modern procedure is to expedite litigation and "to rid the calendar of apparently abandoned causes." Zadig v. Ætna Ins. Co. (C. C. A.) 42 F.(2d) 142, 144. To that end this court adopted a rule providing that causes which have been pending for more than one year, without any proceedings having been taken therein during such year, shall be dismissed. Rule 38. The facts here show that for an unreasonable and unexplained length of time the parties interested have taken no proceedings in the cases; indeed, they allege in their petition that upon filing, the cases were immediately abandoned. They have neglected to dismiss the cases and to make timely application for the return of the unused fees. Such negligence is inexcusable. Under the circumstances, I am of the opinion that the claims for return are barred upon the ground of laches and staleness.

The petition will be denied.