## In re GENERAL THEATRES EQUIPMENT, Inc.
### No. 1074.

District Court, D. Delaware.

Nov. 29, 1935.

Percival E. Jackson, of New York City, and Albert L. Simon, of Wilmington, Del., for petitioner Jay Carton.

Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., and William J. Quinn (of Breed, Abbott & Morgan) and Robert G. Starr (of Wollman

& Wollman and Robert G. Starr), both of New York City, for reorganization committee.

Henry Root Stern (of Mudge, Stern, Williams & Tucker), of New York City, for Chase Nat. Bank.

Christopher L. Ward, Jr. (of Marvel, Morford, Ward & Logan), of Wilmington, Del., for Daniel O. Hastings, receiver.

Joseph Handler, of Wilmington, Del., for petitioning creditors.

Howard Duane, of Wilmington, Del., for debtor.

NIELDS, District Judge.

A petition for leave to intervene in this proceeding was filed by Jay Carton, the holder of five $1,000 bonds of General Theatres Equipment, Inc., debtor, in proceedings for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207).

February 29, 1932, in proceedings in the Court of Chancery of the state of Delaware a receiver of General Theatres Equipment, Inc., was appointed. For over a period of three years a debenture holders' committee endeavored to formulate a plan of reorganization. Because of litigation and the financial conditions of the time, it was impossible to present a plan preserving to security holders greater values than would follow from liquidation. In October, 1935, a plan of reorganization was presented to the Court of Chancery. After notice to all security holders and the taking of testimony for two days, final hearing upon the plan was held November 20, 1935. At this hearing a holder of debentures of the face value of $2,000 was the only person appearing in opposition to the approval of the plan. This holder was represented by the attorney for the present petitioner. The plan was approved by about 2,000 owners of debentures of the approximate par value of $12,000,000.

Chase National Bank of New York held large claims against the debtor secured by a pledge of the greater part of its assets. Dispute with regard to these claims had deferred the promulgation of the plan. These claims of the Chase Bank and alleged counterclaims against that bank were adjudicated by the Court of Chancery. Claimants with claims aggregating approximately $52,000,000 and 13,-000 or 14,000 holders of voting trust certificates for preferred and common stock had notice of the final hearing in the Court of Chancery, and were afforded opportunity to oppose. No one appeared in opposition to the settlement of the Chase claims or in opposition to the plan of reorganization, except the above-mentioned holder of $2,000 of debentures.

June 7, 1934 a creditors' petition was filed in this court against General Theatres Equipment, Inc., in proceedings for reorganization under section 77B. From time to time the day for filing an answer was extended by order on stipulation. November 9, 1935, a year and a half after the creditors' petition was filed in this court, this petition for intervention was filed by the same attorney who had represented the single objector in the chancery proceedings.

Section 77B (c) of the act, 11 U.S.C.A. § 207 (c), provides: "Any creditor or stockholder shall have the right to be heard on the question of the permanent appointment of any trustee or trustees, and on the proposed confirmation of any reorganization plan, and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine."

Leave to intervene is wholly discretionary with the court. In the exercise of this discretion the court may not grant leave where the petitioner is guilty of laches in presenting his petition or where the petition is not presented in good faith. A delay of a year and a half is strong evidence of laches. Moreover, the attorney for the present petitioner while representing a small debenture holder in the Court of Chancery pursued a vigorous course of opposition to the plan of reorganization throughout the chancery proceedings, until he was defeated. Now, representing another small security holder, the same attorney seeks by intervention to reassert his opposition to the plan of reorganization and to the settlement of the claims of the Chase Bank. This is obviously an effort to have this court review the determination and final action of the Court of Chancery. It is apparent from the record that the petition of intervention is lacking in good faith.

On the grounds of laches and of want of good faith, leave to intervene should be denied.