In re ASSOCIATED GAS & ELECTRIC CO.
Nos. 21209, 21240.

District Court, N. D. New York.
Feb. 11, 1936.

Holmes, Rogers & Carpenter, of New York City (Oliver C. Carpenter, of New York City, of counsel), for petitioner Lindsey E. Bird.

George J. Hatt, 2d, of Albany, N. Y., and Martin C. Ansorge, of New York City, for petitioners in No. 21,209.

McCloy & Bravman, of New York City, for petitioners Robert W. and Ada J. Pommerer.

Jacob A. Freedman, of Brooklyn, N. Y., for petitioner Lily Koster.

J. Joyce Klinger, of St. George, S. I. (Jack Lewis Kraus, 2d, of New York City, of counsel), for petitioner Margaret Johnson.

Morris, Plante & Saxe, of New York City (Robert C. Beatty, of New York City, of counsel), for General Protective Committee for Security Holders, as amici curiæ.

Travis, Brownback & Paxson, of New York City (George M. Le Pine, of New York City, of counsel), for debtor.

Roscoe Irwin, of Albany, N. Y., and Maurice E. Serling, of New York City (Herman H. Oppenheimer, of New York City, of counsel), for petitioning creditors in No. 21240.

MACK, Circuit Judge.

Two separate applications were presented for leave to intervene in two involuntary proceedings for the reorganization of the debtor corporation brought pursuant to section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). Both proceedings were instituted some time in June, 1934, by the filing of involuntary petitions to each of which the defendant filed an answer. In October, 1934, I held that the petition in No. 21209 had been filed in good faith, and thereafter in June, 1935, granted the petitioners therein injunctive relief against the transfer of assets by the debtor out of the regular course of business without notice to petitioners' counsel. A trial of the issue of the debtor's insolvency raised by the petition and answer was adjourned on consent from time to time in order to enable the debtor so to revamp its corporate structure as to comply with the Public Utility Holding Company Act (15 U.S.C.A. § 79 et seq.). Ultimately, some time in November, 1935, the debtor decided not to file thereunder, allegedly because of doubts as to its constitutionality. Now, after some delay to enable counsel to prepare themselves, the insolvency trial is in early prospect.

A motion to consolidate No. 21240 with No. 21209 has been continued indefinitely by consent.

One of the applications by Rex R. Thompson, on behalf of an alleged committee, has been withdrawn. The other is made by Lindsey E. Bird personally and individually, as an alleged holder of ten debenture bonds or notes of the debtor in the sum of $1,000 each. In support thereof, it is urged that there is an absolute right to intervene in such proceedings prior to the approval of the petition. This contention is based on the claim that section 77B (11 U.S.C.A. § 207) is silent on the subject, that section 59f of the Bankruptcy Act (11 U.S.C.A. § 95(f) and Equity Rule 37 (28 U.S.C.A. following section 723) are therefore controlling, and that they establish this absolute right.

The only reference to intervention in section 77B appears in subdivision (c), 11 U.S.C.A. § 207(c). After listing certain powers that reside in the court after the petition shall have been approved and providing that the debtor shall have the right to be heard on all questions, the subdivision continues: "Any creditor or stockholder shall have the right to be heard on the question of the permanent appointment of any trustee or trustees, and on the proposed confirmation of any reorganization plan, and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine." The context of the intervention clause indicates clearly that it is applicable only after approval of the petition. In re 1030 North Dearborn Bldg. Corporation, 7 F.Supp. 896 (D.C.E.D.Ill.1934). And then it has been held to rest in the sound discretion of the court. In re General Theatres Equipment, Inc., 12 F.Supp. 785 (D.C.Del. Nov. 29, 1935); In re Garment Center Capitol, Inc., 13 F.Supp. 908 (D.C.S.D.N.Y. May 6, 1935). I concur in this conclusion reached by Judges Nields and Caffey and in the reasons stated by them. Rule 77B–5 of the Bankruptcy Rules adopted by the judges of this district is manifestly framed on the assumption that leave to intervene is discretionary and that, too, whether the application is made after or before approval. Section 77(c) (11 U.S.C.A. § 205(c) dealing with railroad reorganization in like terms has been similarly interpreted. In re St. Louis-San Francisco Ry. Co.[1] (E.D.Mo. Nov. 4, 1933); In re Missouri Pacific R. R. Co. (D.C.E.D.Mo. March 24, 1934).[1]

Subdivision (k) of section 77B (11 U. S.C.A. § 207(k) makes applicable all other

---

[1] No opinion prepared for publication.

584

provisions of the Bankrupcty Act except such as are inconsistent with its own provisions. I cannot, however, concur in applicant's contention that no such inconsistency exists between the express or implied provisions of section 77B and those of section 59f, under which the right of creditors to join in the petition or answer opposing it is held to be absolute, if only for the reason that involuntary proceedings under section 77B unlike those in ordinary bankruptcy expressly require good faith in the petitioners. Moreover, if applicant's contention were sound, the right of intervention would be absolute before approval of the original petition but only discretionary after complete jurisdiction had been acquired by such approval. Furthermore, I can find no evidence of an intent to grant, at either period, to each of the hundreds of thousands of bondholders of the debtor corporation the absolute right of intervention with the resulting duty of notice to the attorney of each of them of each subsequent step.

█ Interpreting the application as addressed to my discretion, I am forced to deny it, after a study of the affidavits and transcript of the hearing, and that, too, without further hearing, as requested in the brief filed by applicant's attorney, inasmuch as the question of the exercise of the discretionary power was fully presented at the original hearing.

In brief, the reasons assigned for the necessity of intervention are that the debtor and its attorneys with the co-operation of the attorneys for the petitioning creditors are disposing of and acquiring property in such fashion as to prejudice its creditors and that the petitioning creditors have no sincere intention of prosecuting their petitions for reorganization. I find no sound basis for these charges of collusion or for the charge that the adjournments were for ulterior purposes rather than for those disclosed to this court in applying for them. Furthermore, I am not satisfied as to the good faith of the applicant in the light both of the affidavits and of the disclosures at the hearing and his failure, in his application, to offer to share with the other petitioners in the very heavy expenses heretofore incurred and that will necessarily be incurred before the petition shall have been approved.

The application to intervene is therefore denied.