In re 69TH & CRANDON BLDG. CORPORATION.

EASTHOM–MELVIN CO. v. HOFFMAN.
No. 6495.

Circuit Court of Appeals, Seventh Circuit.
May 21, 1938.

Harold O. Mulks, John C. Gekas, Albin A. Peters, and Anthony A. Olis, all of Chicago, Ill., for appellants.

Willard L. King, Harold Snyder, and William M. Tanneybaum, all of Chicago, Ill., for appellees.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

On December 16, 1931, Henry W. Graf filed a petition in bankruptcy against the Sixty-ninth and Crandon Building Corporation. A decree of dissolution had been entered against it in the state court of Illinois, on June 30, 1931. The petitioner alleged that he was a creditor by virtue of the corporation's promissory note, and that there were less than twelve creditors. The corporation answered January 5, 1932, denying the material allegations of the petition, stating that its creditors were more than twelve, and giving a list of them. On January 19, 1932, by leave of court, the Atlas Iron Works Corporation and the Chicago Asbetos Manufacturing Company, named as creditors in the debtors' list, joined as creditors in Graf's petition. The debtor answered the amended petition, denying its insolvency at any time, admitting a debtor relationship to Graf, and denying that relationship to the two intervening petitioners. It admitted or denied other allegations not here material.

The case remained dormant until October 2, 1936, when the debtor withdrew its original answer and filed in the cause its petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. On October 22, 1936, the Oil City Boiler Works, a judgment creditor, by Cochran and George, its attorneys, entered its appearance in the proceeding for reorganization, and filed its answer denying the good faith of the debtor's petition. On October 26, 1936, the petition was referred to a master on the question of good faith. A hearing was had thereon, after which the Oil City Boiler Works filed its amended answer. Further hearings were had by the master at all of which, appellants' present attorney appeared on behalf of Cochran and George, as attorney for the Boiler Works. On March 13, 1937, the master filed his report recommending the approval of the petition, as filed in good faith.

Before the master's report was acted upon by the Court, Joseph J. Bachunas, a stockholder of the debtor corporation, filed his petition by leave of court, and asked that the debtor's petition for reorganization be dismissed. This petition was also referred to a master, who, on June 4, 1937, after extensive hearings, recommended that the debtor be allowed to withdraw its petition for reorganization, and that a creditors' petition therefor be permitted to be filed. The court approved this recommendation, and the creditors' petition of John M. Hoffman, and others, for the debtor's reorganization, was filed, and referred to a master to determine whether it was filed in good faith.

On August 27, 1937, the master's report was filed. He held that a bankruptcy proceeding was pending at the time the petition for reorganization was filed, even though there had been no adjudication, and for that reason an act of bankruptcy was not required to be alleged in the petition for reorganization. He further held that the fact of dissolution of the debtor by a decree of the state court did not deprive

the bankruptcy court of jurisdiction, since the Illinois Corporation Act, Ill.Rev.Stat. 1937, c. 32, § 157.94, allowed the corporation to sue or be sued within two years after that date. He recommended the approval of the petition as filed in good faith.

Before the report was passed upon, and without leave of court, appellants filed their answer to the petition for reorganization. The first two appellants were, and are now, represented by the same attorney who represented the Oil City Boiler Works. This answer raised the same objections which had been argued before the master and disposed of in his report. It further alleged that the four creditors filing the petition for reorganization were not creditors for the following reasons:

(1) That John M. Hoffman had filed a claim for a mechanic's lien in the state court in the sum of $26,000, whereas the value of the material furnished by him did not exceed $8,000, and that thereby he forfeited any claim;

(2) That Paul H. Geyser was the assignee of a claim for $195,675, which had previously been assigned as collateral security to Easthom-Melvin Company to secure a note of $15,850;

(3) That the judgment of $35,000 of Rosenthal, Hamill & Wormser rendered by default in 1931 was void because it was for legal services of a value of not more than $2,500, and in 1929 three of the five directors of the debtor were employees of that firm;

(4) That Leichenko and Esser had filed a claim in the state court for a mechanic's lien in the sum of $34,827, whereas the value of the services rendered by them did not exceed $15,000, and that thereby they had forfeited any claim.

The court confirmed the master's report on October 26, 1937, and held that the petition was properly filed under section 77B, and in good faith. By the same order the court appointed a temporary trustee, provided for the filing of claims and a date for hearing same before the master. By this order the court referred to the master for hearing the proposed plan of reorganization, and denied appellants' motion for a rule on all parties to reply to their answer, stating that the matters contained in the answer, relative to the validity of claims, should be raised before the master, at the hearing of claims on December 15, 1937. From this order of October 26, 1937, the present appeal is prosecuted.

■ In substance, appellants contend that the court erred in entering a good faith order before requiring a joinder of issues and a trial upon appellants' answer. This contention is without merit. Subdivisions (a) and (c), clause (1) of section 77B, 11 U.S.C.A. § 207(a), (c)(1), we think, do not contemplate a trial as to the merits before the entry of a good faith order. If such a procedure were allowed, unreasonable delays would necessarily follow, which fact is well illustrated by the attempted procedure in this case. Of course if the claims relied upon are invalid, and are shown on their face to be invalid, they could not be said to have been filed in good faith, and the court, no doubt, would so find. But where, as here, petitioners' claims are apparently valid on their face, and are supported by oaths, and the complaint is otherwise in proper form, we think the statute contemplates that the court shall approve the complaint. Such action, however, would not constitute a final adjudication as to the validity of the claims. They would be required to be presented and established by proof, at a subsequent time and place fixed by the court, as all other claims are required to be presented and established. Such time and place were fixed by the court in the order appealed from, and we think the procedure was proper.

■ Aside from what we have said, we think appellants' answer, although made under oath, furnished no basis for finding that the complaint was not in proper form, or that it was not filed in good faith. In the first place the answer was filed without leave of court, and was not entitled to be considered. See In re Trust No. 2988 of Foreman Trust & Savings Bank, 7 Cir., 85 F.2d 942; In re 211 East Delaware Place Bldg. Corp., D.C., 15 F.Supp. 947; In re Associated Gas & Electric Co., D.C., 14 F.Supp. 582. Furthermore, if the material allegations of the answer, aside from the conclusions, be admitted, there still would be no basis upon which the court could say that the complaint was not in proper form, or that it was not filed in good faith.

■ In this respect appellants contend that the petitioning creditors were not creditors. They say that the claims of Hoffman and Leichenko and Esser were forfeited by them because of misrepre-

sentation as to the amounts owing, under section 7 of the Illinois Mechanics' Lien Act. Ill.Rev.St.1937, c. 82, § 7. Appellants rely upon Hyde Park Investment Co. v. Hyde Park State Bank, 257 Ill.App. 539, and Marsh v. Mick, 159 Ill.App. 399, in support of this proposition. In both of these cases claimants attempted to enforce liens alleged to arise out of the Mechanics' Lien Act, and in both the relief prayed was denied in its entirety by the court because of the grossly excessive amounts claimed. This cannot be construed to destroy the claimants' rights as contract creditors against the debtor, or to affect in any way their status as creditors. It means simply that relief would not be afforded under the lien statute. The case, Haskell v. McClintic-Marshall Co., 9 Cir., 289 F. 405, so held. In argument, however, appellants urge that Hoffman's claim if unsecured by lien, is barred by the Illinois five year statute of limitations, Ill. Rev.Stat.1937, c. 83, § 16. This must be pleaded to be available. Gormley v. Bunyan, 138 U.S. 623, 11 S.Ct. 453, 34 L.Ed. 1086. Furthermore, if Hoffman's contract were in writing his claim would not be barred until after ten years, Ill.Rev.Stat. 1937, c. 83, § 17, and the answer does not negative a written contract.

■ The answer alleges that the claim of Geyser for $195,675 was assigned to Easthom-Melvin Company to secure a note upon which there is now due $18,800, and that the only right of Geyser is to receive the balance after deducting the amount of the note. This of course, is a credit right enforceable against the debtor if there be a balance, and it renders Geyser a creditor in any event.

■ The claim of Eldridge, King and Rosenthal which is based on a judgment for $35,000, rendered in the Municipal Court of Chicago on August 25, 1931, is said to be void because three of the debtor's five directors, when it was incorporated in 1929, were either members, or employees, of claimants' firm. For aught this answer discloses, the debtor might have given a judgment note to these claimants upon which judgment could have been confessed. At most the allegations, if true, might render the judgment voidable, but not void. Furthermore, the allegations upon information and belief state that the claimants' services rendered, which were the basis of the judgment, did not exceed the sum of $2,500. Hence, appellants did

not deny that these claimants had a valid claim for at least $2,500.

■ It is further alleged in appellants' answer that Graf's claim for $5,000, evidenced by a promissory note, does not constitute him a creditor, because in a state court proceeding by himself against the debtor, on July 14, 1930, he had alleged that he was not a creditor, but a beneficiary of a trust, with respect to the money involved in this claim. From this answer we are impelled to infer that that case was dismissed, and for aught that this record discloses that contest may have been settled by the giving of this note. In any event, however, a financial obligation is clearly involved. The claimant is not now trying to enforce the trust, and he had a right to abandon that theory, without prejudice, and rely upon his note. If the trust were enforced it would materially reduce the assets now available to all other creditors. Aside from Graf's former characterization of his rights, no one has denied his status as a creditor, and we think the court did not err in its findings in this respect.

■ Appellants' answer further alleges that the dissolution of the debtor corporation in the state court deprived the bankruptcy court of jurisdiction. There is no merit in this contention. In re 211 East Delaware Place Building Corporation, 7 Cir., 76 F.2d 834.

■ The answer further alleges that the bankruptcy proceeding was not pending at the time the petition for reorganization was filed, because there had been no adjudication on the original petition in bankruptcy, although that petition had been filed more than four years prior thereto and had never been dismissed or prosecuted. This contention seems to be supported in Gerdes on Corporate Reorganization, vol. 1, § 136. We are not in accord with that view, and we choose to follow the contrary ruling in In re Hotel Martin Company of Utica, 2 Cir., 83 F.2d 231. See, also, 48 Harvard Law Review, 1934, p. 49.

■ The answer further alleges, by way of conclusion, that the original petition in bankruptcy was discontinued because of the failure to prosecute it for almost five years. This contention is fully met by section 59g of the Bankruptcy Act, 11 U.S. C.A. § 95(g), which provides that a voluntary or involuntary petition shall not be

dismissed by the petitioner or petitioners, or for want of prosecution, or by consent of parties, until after notice to the creditors. Section 58a of the same act, 11 U.S.C.A. § 94(a) also provides that creditors shall have at least ten days' notice by mail of the proposed dismissal of the proceedings. See In re Plymouth Cordage Company, 8 Cir., 135 F. 1000; Petition for Return of Unused Fees of Referees and Trustees on Deposit with United States Treasury, D.C., 12 F.Supp. 183; Remington on Bankruptcy, 4th Ed., vol. 1, § 489.

The order approving the petition for reorganization and as filed in good faith is affirmed.